# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          *Plaintiff,*<br><br>vs.<br><br>RYAN M. REYNOLDS, et al.<br><br>          *Defendants.* | )<br>)<br>)<br>)<br>)   Civil Action No. 3:08-CV-0438-G<br>)<br>)   Judge Jane Boyle<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANT JASON WYNN'S AND WYNN INDUSTRIES, LLC'S MOTION TO DISMISS

Plaintiff, the U.S. Securities and Exchange Commission (the "Commission" or "SEC"), respectfully requests that the Court deny the Motion to Dismiss filed by Defendants Jason Wynn and Wynn Industries, LLC ("Wynn Industries"). The Commission's Complaint against Wynn and Wynn Industries (collectively, the "Wynn Defendants") is simple and clear. It alleges that the Wynn Defendants (1) funneled over one million unregistered shares in Beverage Creations, Inc. ("BCI") to the public in violation of the registration provisions of the Securities Act of 1933 (the "Securities Act"), and (2) violated the antifraud provisions of the Securities Exchange Act of 1934 (the "Exchange Act") by issuing misleading mailers, website postings, and e-mails touting BCI stock to the investing public, thereby pumping up BCI's share price (Compl. ¶¶ 47-60, 74-77). The Complaint gives the Wynn Defendants adequate notice of the nature of the Commission's claims and sufficient information to respond to the Commission's allegations.

The Wynn Defendants argue, without citation to applicable authority, that the Commission's Complaint should be dismissed because their sale of BCI stock to the public was exempt from registration under Rule 504 of the Exchange Act. (Def. Br at 9.) This stands the burden of proof for Section 5 claims on its head. The Commission is not required to plead the inapplicability of Rule 504. To the contrary, it is <u>the Wynn Defendants</u> who bear the burden of both pleading the exemption as an affirmative defense <u>and</u> ultimately proving that the exemption applies. See <u>SEC v. Ralston Purina Co.</u>, 346 U.S. 119, 126-27 (1953); <u>Byrnes v. Faulkner, Dawkins & Sullivan</u>, 550 F.2d 1303, 1311 (2d Cir.1977); <u>S.E.C. v. Parnes</u>, No. 01-CIV-0763, 2001 WL 1658275, *6 (S.D.N.Y. Dec. 26, 2001).[1]

The Wynn Defendants also suggest that their conduct is excused because they "received an opinion letter from BCI counsel stating that such shares were exempt from the registration requirements." (Wynn Br. at 9.) Setting aside the fatal factual deficiencies of any such argument,[2] to the extent that the Wynn Defendants premise their Motion to Dismiss on an "advice of counsel" defense, that defense is simply not available in this context. The registration provisions of the Securities Act impose strict liability; a Section 5 claim does not require proof of scienter. See <u>Swenson v. Engelstad</u>, 626 F.2d 421, 424 (5th Cir.1980); <u>Aaron v. SEC</u>, 446 U.S. 680, 714 (1980); <u>SEC v. Calvo</u>, 378

---

[1] In addition to incorrectly construing the burden of pleading, the Wynn Defendants' arguments regarding the Rule 504 exemption are legally and factually incorrect. (<u>See</u> Dkt. #8, 3/13/08 Pl. Mem. in Support of Mtn. for TRO, pp. 11-16.) Of course, the Court need not resolve that fact-based dispute at this stage.

[2] Among other evidence, expedited discovery has established that the attorney in question, Stephen Czarnik, represented BCI, <u>not</u> Wynn or Wynn Industries. In fact, at his deposition, Czarnik testified that he has never met or spoken with Jason Wynn. (Czarnik Tr. at 135.) Moreover, the opinion letter cited by the Wynn Defendants expressly states that the shares must be "purchased for investment," not for distribution. The Wynn Defendants' conduct (selling over 1 million unregistered BCI shares to the public three days after receiving them into their brokerage account) directly contradicts that purported "advice."

3