### Sec. 12-1. Notice Filing for Federal Covered Investment Advisers and Representatives of Federal Covered Investment Advisers.

A. This section does not apply to an investment adviser or investment adviser representative that is exempt from registration under this Act or Board rule.

B. The Board by rule shall authorize a federal covered investment adviser or a representative of a federal covered investment adviser to engage in rendering services as an investment adviser in this state on submission to and receipt by the Commissioner of:

(1) a notice filing on the form and containing the information prescribed by the Commissioner and, if applicable, a consent to service appointing the Commissioner as the adviser's agent for service of process as required by Section 8 of this Act; and

(2) a fee in the amount determined under Sections 35 and 41 of this Act.

C. After the notice filing fee is paid and all the requirements for a notice filing under Subsection B of this section are met, a notice filing submitted under this section takes effect and is valid for the remainder of the calendar year. A federal covered investment adviser or federal covered investment adviser representative may renew a notice filing on or before its expiration date on submission to and receipt by the Commissioner of:

(1) a renewal notice filing; and

(2) a renewal fee in the amount determined under Sections 35 and 41 of this Act.

### Sec. 13. Method and Condition of Registration Required for Dealer, Agent, Investment Adviser, or Investment Adviser Representative.

A. A dealer or investment adviser to be registered must submit a sworn application therefor to the Commissioner, which shall be in such form as the Commissioner may determine and which shall state:

(1) The principal place of business of the applicant wherever situated;

(2) The location of the principal place of business and all branch offices in this state, if any;

(3) The name or style of doing business and

Case 1:10-cv-00745-PKC   Document 20-12   Filed 04/09/10   Page 2 of 43

the address of the applicant;

(4) The names, residences and the business addresses of all persons interested in the business as principal, officer, director or managing agent, specified as to each his capacity and title; and

(5) The general plan and character of business of such applicant and the length of time during and the places at which the applicant has been engaged in the business.

B. An application filed by a dealer or investment adviser shall also contain such additional information as to the applicant's previous history, record, associations and present financial condition as may be required by the Commissioner, or as is necessary to enable the Commissioner to determine whether the sale of any securities proposed to be issued or dealt in by such applicant would result in fraud.

C. Each application shall be accompanied by certificates or other evidences satisfactory to the Commissioner establishing the good reputation of the applicant, his directors, officers, copartners or principals.

D. The Commissioner shall require as a condition of registration for all registrations granted after the effective date of this Subsection D that the applicant (and, in the case of a corporation or partnership, the officers, directors or partners to be licensed by the applicant) pass successfully a written examination to determine the applicant's qualifications and competency to engage in the business of dealing in and selling securities as a dealer or agent, or rendering services as an investment adviser or investment adviser representative. This condition may be waived as to any applicant or class of applicants by action of the State Securities Board.

E. Not later than the 30th day after the date a person takes a registration examination under this Act, the Board shall notify the person of the results of the examination. If the examination is graded or reviewed by a testing service:

(1) the Board shall notify the person of the results of the examination not later than the 14th day after the date the Board receives the results from the testing service; and

(2) if notice of the examination results will be delayed for longer than 90 days after the

examination date, the Board shall notify the person of the reason for the delay before the 90th day.

F. The Board may require a testing service to notify a person of the results of the person's examination. If requested in writing by a person who fails a registration examination administered under this Act, the Board shall furnish the person with an analysis of the person's performance on the examination.

G. If the applicant is a corporation organized under the laws of any other state or territory or government or shall have its principal place of business therein, it shall accompany the application with a copy of its Articles of Incorporation and all amendments thereto, certified by the proper officer of such state or government or of the corporation, and its regulations and by laws.

H. If a limited partnership, either a copy of its Articles of Copartnership or a verified statement of the plan of doing business.

I. If an unincorporated association or organization under the laws of any other state, territory or government, or having its principal place of business therein, a copy of its Articles of Association, Trust Agreement or other form of organization.

J. It shall be the duty of the Commissioner to prepare a proper form to be used by the applicant under the terms of this Section, and the Commissioner shall furnish copies thereof to all persons desiring to make application to be registered as a dealer or investment adviser.

K. The Commissioner may accept some or all of the examinations administered by securities self-regulatory organizations to fulfill the examination requirements of Subsection D.

### Sec. 13-1. Inspection.

A. The Commissioner, without notice, may inspect a registered dealer or registered investment adviser as necessary to ensure compliance with this Act and Board rules.

B. The Commissioner, during regular business hours, may:

(1) enter the business premises of a registered dealer or registered investment adviser; and

(2) examine and copy books and records pertinent to the inspection.

C. During the inspection, the dealer or investment adviser shall:

(1) provide to the Commissioner or the Commissioner's authorized representative immediate and complete access to the person's office, place of business, files, safe, and any other location in which books and records pertinent to the inspection are located; and

(2) allow the Commissioner or the Commissioner's authorized representative to make photostatic or electronic copies of books or records subject to inspection.

D. A dealer or investment adviser may not charge a fee for copying information under this section.

E. Information obtained under this section and any intra-agency or interagency notes, memoranda, reports, or other communications consisting of advice, analyses, opinions, or recommendations that are made in connection with the inspection are confidential and may not be disclosed to the public or released by the Commissioner except to the same extent provided for the release or disclosure of confidential documents or other information made or obtained in connection with an investigation under Section 28 of this Act.

### Sec. 14. Denial, Suspension or Revocation of Registration as Dealer, Agent, Investment Adviser, or Investment Adviser Representative.

A. The Commissioner may deny, revoke, or suspend a registration issued under this Act, place on probation a dealer, agent, investment adviser, or investment adviser representative whose registration has been suspended under this Act, or reprimand a person registered under this Act if the person:

(1) has been convicted of any felony;

(2) has been convicted of any misdemeanor which directly relates to the person's securities-related duties and responsibilities;

(3) has engaged in any inequitable practice in the sale of securities or in rendering services as an investment adviser, or in any fraudulent business practice;

(4) is a dealer or investment adviser who is insolvent;

(5) meets one of the following criteria:

(a) is a dealer who is selling or has sold

securities in this state through an agent other than a registered agent;

(b) is an investment adviser who is engaging or has engaged in rendering services as an investment adviser in this state through a representative who is not registered to perform services for that investment adviser as required by this Act;

(c) is an agent who is selling or has sold securities in this state for a dealer, issuer or controlling person with knowledge that such dealer, issuer or controlling person has not complied with the provisions of this Act; or

(d) is an investment adviser representative who is rendering or has rendered services as an investment adviser for an investment adviser in this state for whom the representative is not or was not registered to represent as required by this Act;

(6) has violated any of the provisions of this Act or a rule of the Board;

(7) has made any material misrepresentation to the Commissioner or Board in connection with any information deemed necessary by the Commissioner or Board to determine a dealer's or investment adviser's financial responsibility or a dealer's, agent's, investment adviser's or investment adviser representative's business repute or qualifications, or has refused to furnish any such information requested by the Commissioner or Board;

(8) became registered as a dealer, agent, investment adviser, or investment adviser representative after August 23, 1963, and has not complied with a condition imposed by the Commissioner under Section 13-D;

(9) is the subject of any of the following orders that are currently effective and were issued within the last five years:

(a) an order by the securities agency or administrator of any state, by the financial regulatory authority of a foreign country, or by the Securities and Exchange Commission, entered after notice and opportunity for hearing, denying, suspending, or revoking the person's license as a dealer, agent, investment adviser, or investment adviser representative or the substantial equivalent of those terms;

(b) a suspension or expulsion from membership in or association with a member of a self-regulatory organization;

(c) a United States Postal Service fraud order;

(d) an order by the securities agency or administrator of any state, the financial regulatory authority of a foreign country, the Securities and Exchange Commission, or by the Commodity Futures Trading Commission, finding, after notice and opportunity for hearing, that the person engaged in acts involving fraud, deceit, false statements or omissions, or wrongful taking of property;

(e) an order by the Commodity Futures Trading Commission denying, suspending, or revoking registration under the Commodity Exchange Act;

(10) is subject to any order, judgment, or decree entered by any court of competent jurisdiction which permanently restrains or enjoins such person from engaging in or continuing any conduct, action, or practice in connection with any aspect of the purchase or sale of securities or the rendering of security investment advice; or

(11) has violated any provision of any order issued by the Commissioner or has violated any provision of any undertaking or agreement with the Commissioner.

B. If the Commissioner proposes to suspend or revoke a person's registration, the person is entitled to a hearing before the Commissioner or a hearings officer as now or hereafter required by law. Proceedings for the suspension or revocation of a registration are governed by Chapter 2001, Government Code.

C. This section does not affect the confidentiality of investigative records maintained by the Commissioner or Board.

### Sec. 15. Issuance of Registration Certificates to Dealers and Investment Advisers.

If the Commissioner is satisfied that the applicant for a dealer's or investment adviser's certificate of registration has complied with the requirements of the Act above, that the applicant has filed a written consent to service as and when required by Section 8 of this Act, and upon the payment of the fees required by Section 35 of this Act, the Commissioner shall register the applicant and issue to it or him a registration certificate, stating the principal place of business and address of the dealer or investment adviser, the names and business addresses of all persons interested in the

business as principals, officers, directors or managing agents, and the fact that the dealer or investment adviser has been registered for a current calendar year as a dealer in securities or as an investment adviser. Pending final disposition of an application, the Commissioner may, for special cause shown, grant temporary permission, revocable at any time and subject to such terms and conditions as the Commissioner may prescribe, to transact business as a dealer or investment adviser under this Act. Any dealer or investment adviser acting under such a temporary permission, shall be considered a registered dealer or investment adviser for all purposes of this Act.

### Sec. 16. Repealed. House Bill 2255, Acts of the 77th Legislature, Regular Session, 2001.

### Sec. 17. Form of Certificates to Dealers and Investment Advisers.

The certificate shall be in such form as the Commissioner may determine. Any changes in the personnel of a partnership or in the principals, officers, directors or managing agents of any dealer or investment adviser shall be immediately certified under oath to the Commissioner and any change in the certificate necessitated thereby may be made at any time, upon written application setting forth the fact necessitating the change. Upon the issue of the amended certificates, the original certificate and the certified copies thereof outstanding shall be promptly surrendered to the Commissioner.

### Sec. 18. Registration of Agents of Dealers or of Representatives of Investment Advisers.

Upon written application by a registered dealer or investment adviser, and upon satisfactory compliance with the requirements of the Act above, the Commissioner shall register as an agent of such dealer or as a representative of the investment adviser such persons as the dealer or investment adviser may request. The application shall be in such form as the Commissioner may prescribe and shall state the residences and addresses of the persons whose registration is requested, together with such information as to such agent's or investment adviser representative's previous history, record and association as may be required by the Commissioner. Such application shall also be signed and sworn to by the agent

or investment adviser representative for whom registration is requested. The Commissioner shall issue to such dealer or investment adviser, to be retained by such dealer or investment adviser for each person so registered, evidence of registration stating the person's name, the address of the dealer or investment adviser, and the fact that the person is registered for the current calendar year as an agent or investment adviser representative of the dealer or investment adviser, as appropriate. The evidence of registration shall be in such form as the Commissioner shall determine. Upon application by the dealer or the investment adviser, the registration of any agent or investment adviser representative shall be cancelled.

### Sec. 19. Annual Registration; Renewals.

A. Except as provided in Subsections B and C of this section, all registrations shall expire at the close of the calendar year, but new registrations for the succeeding year shall be issued upon written application and upon payment of the fees as hereinafter provided, without filing of further statements or furnishing any further information unless specifically requested by the Commissioner. If any applicant is registered after December 1st of any year, he may immediately apply for a renewal of his registration for the ensuing year.

B. The Board by rule may adopt a system under which registrations expire on various dates during the year. For the year in which the registration expiration date is changed, registration fees payable after the 60th day and before the 30th day before January 1st of the next year shall be prorated on a monthly basis so that each person shall pay only that portion of the registration fee that is allocable to the number of months during which the registration is valid. On renewal of the registration on the new expiration date, the total registration renewal fee is payable.

C. Renewal of Registration.

(1) A person may renew an unexpired registration by filing a renewal application in the form prescribed by the Commissioner and paying to the Board, before the expiration date of the registration, the required renewal fee.

(2) If a person's registration has been expired for ninety (90) days or less, the person may renew the registration by filing a renewal

application with the Commissioner and paying to the Board the required renewal fee and a fee that is equal to one-half of the original application fee for the registration.

(3) If a person's registration has been expired for longer than ninety (90) days but less than two years, the person may renew the registration by filing a renewal application with the Commissioner and paying to the Board all unpaid renewal fees and a fee that is equal to the original application fee for the registration.

(4) If a person's registration has been expired for two years or more, the person may not renew the registration. The person may obtain a new registration by submitting to reexamination and complying with the requirements and procedures for obtaining an original registration. The person must pay to the Board a fee that is equal to the original application fee.

(5) At least thirty (30) days before the expiration of a person's registration, the Commissioner shall send to the person at the person's last known address according to the records of the Board a written notice of the impending expiration of the registration.

(6) A person who sells securities or renders investment advisory services after the person's registration has expired and before it is renewed is subject to the sanctions provided by this Act for selling securities or rendering investment advice without being registered.

D. The Board may recognize, prepare, or administer continuing education programs for a person who is registered under this Act. If participation is required by the Board as a condition of maintaining the certificate or evidence of registration, a person who is registered under this Act must participate in the continuing education programs.

### Sec. 20. Display or Advertisement of Fact of Registration Unlawful.

It shall be unlawful for any dealer, agent, investment adviser, or investment adviser representative to use the fact of his registry, by public display or advertisement, except as hereinafter expressly provided, for the registration certificate or evidence of registration or any certified copy thereof, in connection with any sale or effort to sell any security or any rendering of services as an investment adviser.

### Sec. 21. Posting Registration Certificates.

Immediately upon receipt of the dealer's or investment adviser's registration certificate issued pursuant to the authority of this Act, the dealer or investment adviser named therein shall cause such certificate to be posted and at all times conspicuously displayed in such dealer's or investment adviser's principal place of business, if one is maintained in this state, and shall likewise forthwith cause a duplicate of such certificate to be posted and at all times conspicuously displayed in each branch office located within this state.

### Sec. 22. Regulation of Offers.

A. Permitted Written, Pictorial, or Broadcast Offers. A written or printed offer (including a pictorial demonstration with any accompanying script) or a broadcast offer (i.e., an offer disseminated by radio, television, recorded telephone presentation, or other mass media) to sell a security may be made in this State if:

(1) a copy of the offer is filed with the Commissioner within 10 days after the date of its first use in this State; and

(2) the person making or distributing the offer in this State is a registered dealer or a registered agent of a registered dealer, as required by this Act; and

(3) either:

(a) the security is registered under Subsection B or C of Section 7 or a permit has been granted for the security under Section 10, or

(b) an application for registration under Subsection B or C of Section 7 or for a permit under Section 10 has been filed with the Commissioner; and

(4) if registration has not become effective under Subsection B or C of Section 7 or a permit has not been granted under Section 10, the offer prominently states on the first page of a written or printed offer or as a preface to any pictorial or broadcast offer either:

(a)

INFORMATIONAL ADVERTISING ONLY.

THE SECURITIES HEREIN DESCRIBED HAVE NOT BEEN QUALIFIED OR REGISTERED FOR SALE IN TEXAS. ANY REPRESENTATION TO THE CONTRARY OR CONSUMMATION OF SALE OF THESE SECURITIES IN TEXAS PRIOR TO QUALIFICATION OR REGISTRATION THEREOF

IS A CRIMINAL OFFENSE.

or

(b) other language required by the United States Securities and Exchange Commission that in the Commissioner's opinion will inform investors that the securities may not yet be sold; and

(5) the person making or distributing the offer in this State;

(a) has not received notice in writing of an order prohibiting the offer under Subsection A or B of Section 23, or

(b) has received such notice but the order is no longer in effect; and

(6) payment is not accepted from the offeree and no contract of sale is made before registration is effective under Subsection B or C of Section 7 or a permit is granted under Section 10.

**B. Permitted Oral Offers. An oral offer (not broadcast, i.e., not disseminated by radio, television, recorded telephone presentation, or other mass media) to sell a security may be made in this State in person, by telephone, or by other direct individual communication if:**

(1) the person making the offer in this State is a registered dealer or a registered agent of a registered dealer, as required by this Act; and

(2) either:

(a) the security is registered under Subsection B or C of Section 7 or a permit has been granted for the security under Section 10, or

(b) an application for registration under Subsection B or C of Section 7 or for a permit under Section 10 has been filed with the Commissioner; and

(3) the person making or distributing the offer in this State:

(a) has not received notice in writing of an order prohibiting the offer under Subsection A or B of Section 23, or

(b) has received such notice but the order is no longer in effect; and

(4) payment is not accepted from the offeree and no contract of sale is made before registration is effective under Subsection B or C of Section 7 or before a permit is granted under Section 10.

**C. Effect of Compliance.** An offer in compliance with Subsection A or B of Section 22 is not a violation of Section 7.

**D. Effect of Noncompliance.** An offer not in compliance with Subsection A or B of Section 22 is unlawful and a violation of this Act.

**E. Applicability.** Section 22 does not apply to transactions or securities exempt under Section 5 or Section 6.

**F. Dealers Named in Offer.** A dealer whose name is included in a written or printed or broadcast offer along with the name of a registered dealer is not deemed to make an offer in this State by that fact alone.

**Sec. 23. Cease and Desist Orders; Cease Publication Orders; List of Securities Offered.**

Anything in this Act to the contrary notwithstanding,

A. If it appears to the commissioner at any time that the sale or proposed sale or method of sale of any securities, whether exempt or not, is a fraudulent practice or would not be in compliance with this Act or would tend to work a fraud on any purchaser thereof or would not be fair, just or equitable to any purchaser thereof, the commissioner may hold a hearing on a date determined by the commissioner within 30 days after the date of receipt of actual notice by, or notice by registered or certified mail to the person's last known address is given to, the issuer, the registrant, the person on whose behalf such securities are being or are to be offered, or any person acting as a dealer or agent in violation of this Act. If the commissioner shall determine at such hearing that such sale would not be in compliance with the Act, is a fraudulent practice, or would tend to work a fraud on any purchaser thereof or would not be fair, just or equitable to any purchaser thereof, the commissioner may issue a written cease and desist order, prohibiting or suspending the sale of such securities or denying or revoking the registration of such securities, prohibiting an unregistered person from acting as a dealer or an agent, or prohibiting the fraudulent conduct. No dealer or agent shall thereafter knowingly sell or offer for sale any security named in such cease and desist order.

B. If it appears to the Commissioner at any time that an investment adviser or investment

adviser representative is engaging or is likely to engage in fraud or a fraudulent practice with respect to rendering services as an investment adviser or investment adviser representative or that a person is acting as an investment adviser or investment adviser representative in violation of this Act, the Commissioner may hold a hearing not later than the 30th day after the date on which the person receives actual notice or is provided notice by registered or certified mail, return receipt requested, to the person's last known address. After the hearing, the Commissioner shall issue or decline to issue a cease and desist order. An order issued under this subsection must:

(1) require the investment adviser or investment adviser representative to immediately cease and desist from the fraudulent conduct; or

(2) prohibit an unregistered or other unauthorized person who is not exempt from the registration or notice filing requirements of this Act from acting as an investment adviser or investment adviser representative in violation of this Act.

C. If it appears to the Commissioner at any time that an offer contains any statement that is materially false or misleading or is otherwise likely to deceive the public, the Commissioner may issue a cease publication order. No person shall make an offer prohibited by such cease publication order.

D. The commissioner may, in the exercise of reasonable discretion hereunder, at any time, require a dealer to file with the commissioner a list of securities which he has offered for sale or has advertised for sale within this State during the preceding six months, or which he is at the time offering for sale or advertising, or any portion thereof.

### Sec. 23-1. Assessment of Administrative Fines.

A. After giving notice and opportunity for a hearing, the Commissioner may issue an order which assesses an administrative fine against any person or company found to have:

(1) engaged in fraud or a fraudulent practice in connection with:

(A) the offer for sale or sale of a security; or

(B) the rendering of services as an investment adviser or investment adviser representative;

(2) made an offer containing a statement that is materially misleading or is otherwise likely to deceive the public; or

(3) engaged in an act or practice that violates this Act or a Board rule or order.

B. Any administrative fine assessed under this Section must be in an amount that does not exceed $10,000 for a single violation or $100,000 for multiple violations in a single proceeding or a series of related proceedings.

C. For purposes of determining the amount of an administrative fine assessed under this Section, the Commissioner shall consider factors set out in guidelines established by the Board.

D. For purposes of private civil litigation, the payment of a fine assessed in an agreed order under this Act shall not constitute an admission of any misconduct described in the agreed order.

E. Any proceeding for the assessment of an administrative fine must be commenced within five years after the violation occurs.

### Sec. 23-2. Emergency Cease and Desist Order.

A. On the Commissioner's determination that the conduct, act, or practice threatens immediate and irreparable public harm, the Commissioner may issue an emergency cease and desist order to a person whom the Commissioner reasonably believes:

(1) is engaging in or is about to engage in fraud or a fraudulent practice in connection with:

(A) the offer for sale or sale of a security; or

(B) the rendering of services as an investment adviser or investment adviser representative;

(2) has made an offer containing a statement that is materially misleading or is otherwise likely to deceive the public; or

(3) is engaging or is about to engage in an act or practice that violates this Act or a Board rule.

B. The order must:

(1) be sent on issuance to each person affected by the order by personal delivery or registered or certified mail, return receipt requested, to the person's last known address;

(2) state the specific charges and require the

person to immediately cease and desist from
the unauthorized activity; and

(3) contain a notice that a request for hearing
may be filed under this section.

C. Unless a person against whom the
emergency order is directed requests a hearing
in writing before the 31st day after the date it
is served on the person, the emergency order
is final and nonappealable as to that person. A
request for a hearing must:

(1) be in writing and directed to the
Commissioner; and

(2) state the grounds for the request to set
aside or modify the order.

D. On receiving a request for a hearing, the
Commissioner shall serve notice of the time
and place of the hearing by personal delivery or
registered or certified mail, return receipt
requested. The hearing must be held not later
than the 10th day after the date the
Commissioner receives the request for a
hearing unless the parties agree to a later
hearing date. At the hearing, the Commissioner
has the burden of proof and must present
evidence in support of the order.

E. After the hearing, the Commissioner shall
affirm, modify, or set aside in whole or part the
emergency order. An order affirming or
modifying the emergency order is immediately
final for purposes of enforcement and appeal.

F. An emergency order continues in effect
unless the order is stayed by the
Commissioner. The Commissioner may impose
any condition before granting a stay of the
order.

### Sec. 24. Hearings upon Exception to Actions of Commissioner.

A. If any person or company should take
exception to the action of the Commissioner in
failing or refusing to register and issue
certificate for a dealer or investment adviser or
evidence of registration for an investment
adviser representative or agent under Section
15 or 18 of this Act, in issuing an order under
Section 23 or 23-2 of this Act, or in any other
particular where this Act specifies no other
procedure, the complaining party may request
a hearing before the Commissioner or before a
hearings officer as now or hereafter required by
law.

B. On complaint by a person aggrieved by a

denial of a permit for the sale of securities under Section 10 of this article or a failure or refusal to register securities under Section 7 of this article, the Board or a hearings officer as now or hereafter required by law shall conduct a hearing.

C. Hearings under this Section are subject to the requirements of Chapter 2001, Government Code.

### Sec. 25. Revocation of Registration of Any Dealer, Agent, Investment Adviser, or Investment Adviser Representative.

The revocation of a dealer's or investment adviser's registration shall constitute a revocation of the registration of any agent of the dealer or any investment adviser representative of the investment adviser and notice of its operation on such agent or investment adviser representative shall be forthwith sent by the Commissioner to each of such agents or investment adviser representatives. All registrations and evidences of registration revoked shall at once be surrendered to the Commissioner upon request.

### Sec. 25-1. Receiverships of Persons or Assets.

A. Whenever it shall appear to the commissioner, either upon complaint or otherwise, that:

(1) any person or company acting as a dealer, agent, investment adviser, investment adviser representative, or issuer (as defined in Section 4 of this Act), or an affiliate of a dealer, agent, investment adviser, investment adviser representative, or issuer, whether or not required to be registered by the commissioner as in this Act provided, shall have engaged in any act, transaction, practice, or course of business declared by Section 32 of this Act to be a fraudulent practice;

(2) such person or company shall have acted as a dealer, agent, investment adviser, investment adviser representative, or issuer or an affiliate of a dealer, agent, investment adviser, investment adviser representative, or issuer in connection with such fraudulent practice; and

(3) the appointment of a receiver for such person or company, or the assets of such a person or company is necessary in order to conserve and protect the assets of such person

or company for the benefit of customers, security holders, and other actual and potential claimants of such person or company the commissioner may request the attorney general to bring an action for the appointment of a receiver for such person or company or the assets of such person or company.

B. Upon request by the commissioner pursuant to Subsection A of this Section 25-1, and if it appears to the attorney general that the facts enumerated in Paragraphs (1) through (3) of Subsection A of this Section 25-1 exist with respect to any person or company, the attorney general may bring an action in the name and on behalf of the State of Texas for the appointment of a receiver for such person or company. The facts set forth in the petition for such relief shall be verified by the commissioner upon information and belief. Such action may be brought in a district court of any county wherein the fraudulent practice complained of has been committed in whole or part, or of any county wherein any defendant with respect to whom appointment of a receiver is sought has its principal place of business, and such district court shall have jurisdiction and venue of such action; this provision shall be superior to any other provision of law fixing jurisdiction or venue with regard to suits for receivership. In any such action the attorney general may apply for and on due showing be entitled to have issued the court's subpoena requiring the forthwith appearance of any defendant and his employees, investment adviser representatives, or agents and the production of documents, books, and records as may appear necessary for any hearing, to testify and give evidence concerning matters relevant to the appointment of a receiver.

C. In any action brought by the Attorney General pursuant to Subsection B of this Section 25-1, the court, upon a proper showing by the Attorney General of the existence of the facts enumerated in Paragraphs (1) through (3) of Subsection A of this Section 25-1 with respect to any person or company, may appoint a receiver for such person or company or the assets of such person or company. If such receiver is appointed without notice to and opportunity to be heard for such person or company, such person or company shall be entitled to apply in writing to the court for an order dissolving the receivership, and, if such application is made within 30 days after service

upon such person or company of the court's order making such appointment, shall be entitled to a hearing thereon upon 10 days written notice to the Attorney General.

D. No person shall be appointed a receiver pursuant to this Section 25-1 unless such person be found by the court, after hearing the views of the Attorney General, the Commissioner, and, if deemed by the court to be practicable, the person or company against whom such relief is sought, to be qualified to discharge the duties of receiver giving due consideration to the probable nature and magnitude of the duties of receiver in the particular case. No bond for receivership shall be required of the Commissioner or Attorney General in any proceeding under this Section 25-1, but the court shall require a bond of any receiver appointed hereunder, conditioned upon faithful discharge of the receiver's duties, in an amount found by the court to be sufficient giving due consideration to the probable nature and magnitude of the duties of receiver in the particular case.

E. The remedy of receivership provided by this Section 25-1 shall be in addition to any and all other remedies afforded the Commissioner or the Attorney General by other provisions of statutory or decisional law of this state, including, without limitation of the generality of the foregoing, any such provision authorizing receiverships.

### Sec. 26. Notices by Registered Mail.

Any notice required by this Act shall be sufficient if sent by registered or certified mail unless otherwise specified in this Act, addressed to a person at the address designated in any filings submitted by the person to the Commissioner or the person's last known address. A full and complete record shall be kept of all proceedings had before the Commissioner on any hearing or investigation.

### Sec. 27. Judicial Review.

Judicial review of a decision of the Commissioner or Board is under the substantial evidence rule.

### Sec. 28. Investigations, Investigatory Materials, and Registration Related Materials.

A. Investigations by Commissioner. The Commissioner shall conduct investigations as the Commissioner considers necessary to

prevent or detect the violation of this Act or a Board rule or order. For this purpose, the Commissioner may require, by subpoena or summons issued by the Commissioner, the attendance and testimony of witnesses and the production of all records, whether maintained by electronic or other means, relating to any matter which the Commissioner has authority by this Act to consider or investigate, and may sign subpoenas, administer oaths and affirmations, examine witnesses and receive evidence; provided, however, that all information of every kind and nature received in connection with an investigation and all internal notes, memoranda, reports, or communications made in connection with an investigation shall be treated as confidential by the Commissioner and shall not be disclosed to the public except under order of court for good cause shown. Nothing in this section shall be interpreted to prohibit or limit the publication of rulings or decisions of the Commissioner nor shall this limitation apply if disclosure is made, in the discretion of the Commissioner, as part of an administrative proceeding or a civil or criminal action to enforce this Act. In case of disobedience of any subpoena, or of the contumacy of any witness appearing before the Commissioner, the Commissioner may invoke the aid of the District Court within whose jurisdiction any witness may be found, and such court may thereupon issue an order requiring the person subpoenaed to obey the subpoena or give evidence, or produce books, accounts, records, papers, and correspondence touching the matter in question. Any failure to obey such order of the court may be punished by such court as contempt thereof.

In the course of an investigation looking to the enforcement of this Act, or in connection with the application of a person or company for registration or to qualify securities, the Commissioner or Deputy Commissioner shall have free access to all records and reports of and to any department or agency of the state government. In the event, however, that the Commissioner or Deputy Commissioner should give out any information which the law makes confidential, the affected corporation, firm or person shall have a right of action on the official bond of the Commissioner or Deputy for the corporation's, firm's, or person's injuries, in a suit brought in the name of the state at the relation of the injured party.

The Commissioner may in any investigation

cause the deposition of witnesses residing
within or without the state to be taken in the
manner prescribed for depositions in civil
actions under the laws of Texas.

Each witness required to attend before the
Commissioner shall receive a fee, for each
day's attendance, in an amount set by Board
rule. All disbursements made in the payment of
such fees shall be made in accordance with
Board rule and shall be included in, and paid in
the same manner as is provided for, the
payment of other expenses incident to the
administration and enforcement of this Act.

The sheriff's or constable's fee for serving the
subpoena shall be the same as those paid the
sheriff or constable for similar services. The
fees, expenses and costs incurred at or in
connection with any hearing may be imposed
by the Commissioner upon any party to the
record, or may be divided between any and all
parties to the record in such proportions as the
Commissioner may determine.

Any subpoena, summons, or other process
issued by the Commissioner may be served, at
the Commissioner's discretion, by the
Commissioner, the Commissioner's authorized
agent, a sheriff, or a constable.

The Commissioner may, at the Commissioner's
discretion, disclose any confidential information
in the Commissioner's possession to any
governmental or regulatory authority or
association of governmental or regulatory
authorities approved by Board rule or to any
receiver appointed under Section 25-1 of this
Act. The disclosure does not violate any other
provision of this Act or Chapter 552,
Government Code.

B. Confidentiality of Certain Registration-
Related and Other Materials. To the extent not
already provided for by this Act, any
intraagency or interagency notes, memoranda,
reports, or other communications consisting of
advice, analyses, opinions, or
recommendations shall be treated as
confidential by the Commissioner and shall not
be disclosed to the public, except under order
of court, for good cause shown. The
Commissioner may, at the Commissioner's
discretion, disclose any confidential information
in the Commissioner's possession to any
governmental or regulatory authority or
association of governmental or regulatory
authorities approved by Board rule or to any
receiver appointed under Section 25-1 of this

Act. The disclosure does not violate any other provision of this Act or Chapter 552, Government Code.

*C. Assistance to Securities Regulator of Another Jurisdiction. The Commissioner may provide assistance to a securities regulator of another state or a foreign jurisdiction who requests assistance in conducting an investigation to determine whether a person has violated, is violating, or is about to violate a law or rule of the other state or foreign jurisdiction relating to a securities matter the securities regulator is authorized to administer or enforce. The Commissioner may provide assistance by using the authority to investigate and any other power conferred by this section as the Commissioner determines is necessary and appropriate. In determining whether to provide the assistance, the Commissioner may consider:*

*(1) whether the securities regulator is permitted and has agreed to provide assistance within the regulator's jurisdiction to the Commissioner reciprocally and at the Commissioner's request concerning securities matters;*

*(2) whether compliance with the request for assistance would violate or otherwise prejudice the public policy of this state;*

*(3) whether the conduct described in the request would also constitute a violation of this Act or another law of this state had the conduct occurred in this state; and*

*(4) the availability of Board employees and resources of the Board or Commissioner necessary to carry out the request for assistance.*

### Sec. 28-1. Adoption of Rules and Regulations.

A. For purposes of this Section 28-1, the term "rule and regulation" shall mean any statement by the Board of general and future applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of the Board. The term includes the amendment or repeal of a prior rule or regulation, but does not include statements concerning only the internal management of the Board not affecting private rights or procedures or forms or orders adopted or made by the Board or the Commissioner pursuant to other provisions of this Act.

B. The Board may, from time to time, in accordance with the provisions of this Section 28-1, make or adopt such rules and regulations as may be necessary to carry out and implement the provisions of this Act, including rules and regulations governing registration statements, applications, notices, and reports, and defining any terms, whether or not used in this Act, insofar as the definitions are not inconsistent with the purposes fairly intended by the policy and provisions of this Act. For the purpose of adoption of rules and regulations, the Board may classify securities, persons, and matters within its jurisdiction, and prescribe different requirements for different classes. The Board may, in its discretion, waive any requirement of any rule or regulation in situations where, in its opinion, such requirement is not necessary in the public interest or for the protection of investors.

C. No rule or regulation may be made or adopted unless the Board finds, after notice and opportunity for comment in accordance with the provisions of this Section 28-1, that the action is necessary or appropriate in the public interest or for the protection of investors and consistent with the purposes fairly intended by the policy and provisions of this Act.

D. The Board may, by rule or regulation adopted in accordance with this Section 28-1, delegate to the Commissioner or the Deputy Commissioner such of the authority granted to the Board under this Section 28-1 to hold hearings for adoption of rules and regulations and to make or adopt rules and regulations, or to waive the requirements thereof, as it may, from time to time, deem appropriate. All rules and regulations made or adopted by the Commissioner or the Deputy Commissioner pursuant to such delegated authority shall be made or adopted in accordance with this Section 28-1.

E. No provision of this Act imposing any liability or penalty applies to any act done or omitted in good faith in conformity with any rule or regulation of the Board, notwithstanding that the rule or regulation may later be amended or rescinded or be determined by judicial or other authority to be invalid for any reason.

F. The Board may not adopt rules restricting competitive bidding or advertising by a person registered under this Act except to prohibit false, misleading, or deceptive practices by the

person. The Board may not include in its rules to prohibit false, misleading, or deceptive practices by a person regulated by the Board a rule that restricts the person's use of any medium for advertising, restricts the person's personal appearance or use of his voice in an advertisement, relates to the size or duration of an advertisement by the person, or restricts the person's advertisement under a trade name. However, this section does not affect limitations on advertising contained in Subsections I or Q of Section 5 of this Act or in rules adopted by the Board under Subsection T of Section 5 of this Act.

### Sec. 29. Penal Provisions. Any person who shall:

A. Sell, offer for sale or delivery, solicit subscriptions or orders for, dispose of, invite offers for, or who shall deal in any other manner in any security or securities without being a registered dealer or agent as in this Act provided shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not less than two or more than 10 years, or by both such fine and imprisonment.

B. Sell, offer for sale or delivery, solicit subscriptions to and orders for, dispose of, invite orders for, or who shall deal in any other manner in any security or securities issued after September 6, 1955, unless said security or securities have been registered or granted a permit as provided in Section 7 of this Act, shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not less than two or more than 10 years, or by both such fine and imprisonment.

C. In connection with the sale, offering for sale or delivery of, the purchase, offer to purchase, invitation of offers to purchase, invitations of offers to sell, or dealing in any other manner in any security or securities, whether or not the transaction or security is exempt under Section 5 or 6 of this Act, directly or indirectly:

(1) engage in any fraud or fraudulent practice;

(2) employ any device, scheme, or artifice to defraud;

(3) knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements

made, in the light of the circumstances under which they are made, not misleading; or

(4) engage in any act, practice or course of business which operates or will operate as a fraud or deceit upon any person, is guilty of a felony and upon conviction shall be:

(a) imprisoned for not less than 2 or more than 10 years and fined not more than $10,000, if the amount involved in the offense is less than $10,000;

(b) imprisoned for not less than 2 or more than 20 years and fined not more than $10,000, if the amount involved in the offense is $10,000 or more but less than $100,000; or

(c) imprisoned for life or for not less than 5 or more than 99 years and fined not more than $10,000, if the amount involved is $100,000 or more.

D. Knowingly violate a cease and desist order issued by the Commissioner under the authority of Section 23A, 23B, or 23-2 of this Act shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not more than two years, or by both such fine and imprisonment.

E. Knowingly make or cause to be made, in any document filed with the commissioner or in any proceeding under this Act, whether or not such document or proceeding relates to a transaction or security exempt under the provisions of Sections 5 or 6 of this Act, any statement which is, at the time and in the light of the circumstances under which it is made, false or misleading in any material respect shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not less than two or more than 10 years, or by both such fine and imprisonment.

F. Knowingly make any false statement or representation concerning any registration made under the provisions of this Act shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not more than two years, or by both such fine and imprisonment.

G. Make an offer of any security within this State that is not in compliance with the

requirements governing offers set forth in Section 22 of this Act shall be deemed guilty of a felony, and upon conviction thereof, shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not more than two years, or by both such fine and imprisonment.

H. Knowingly make an offer of any security within this State prohibited by a cease publication order issued by the Commissioner under Section 23C of this Act shall be deemed guilty of a felony, and upon conviction thereof, shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not more than two years, or by both such fine and imprisonment.

*I. Render services as an investment adviser or an investment adviser representative without being registered as required by this Act shall be deemed guilty of a felony and on conviction of the felony shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not less than two or more than 10 years, or by both the fine and imprisonment.*

### Sec. 29-1. Limitation.

An indictment for an offense under Subsection C of Section 29 may be brought only before the fifth anniversary of the day on which the offense is committed.

### Sec. 29-2. Aggregation of Amounts Involved in Securities Fraud.

When amounts are obtained in violation of this Act under one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

### Sec. 29-3. Criminal Responsibility of Corporation or Association.

A. In this section:

(1) "Association" and "corporation" have the meanings assigned by Section 1.07, Penal Code.

(2) "High managerial agent" has the meaning assigned by Section 7.21, Penal Code.

B. If conduct constituting an offense under Section 29 of this Act is performed by an agent acting in behalf of a corporation or association and within the scope of the person's office or employment, the corporation or association is

criminally responsible for the offense only if its commission was authorized, requested, commanded, performed, or recklessly tolerated by:

(1) a majority of the governing board acting in behalf of the corporation or association; or

(2) a high managerial agent acting in behalf of the corporation or association and within the scope of the high managerial agent's office or employment.

C. It is an affirmative defense to prosecution of a corporation or association under Subsection B of this section that the high managerial agent having supervisory responsibility over the subject matter of the offense employed due diligence to prevent its commission.

### Sec. 30. Certified Copies of Papers Filed with Commissioner as Evidence.

Copies of all papers, instruments, or documents filed in the office of the Commissioner, certified by the Commissioner, shall be admitted to be read in evidence in all courts of law and elsewhere in this state in all cases where the original would be admitted in evidence; provided, that in any proceeding in the court having jurisdiction, the court may, on cause shown, require the production of the originals.

The Commissioner shall assume custody of all records of the Securities Divisions within the offices of the Secretary of State and of the Board of Insurance Commissioners, and henceforth these prior records shall be proven under certificate of the Commissioner.

In any prosecution, action, suit or proceeding before any of the several courts of this state based upon or arising out of or under the provisions of this Act, a certificate under the state seal, duly signed by the Commissioner, showing compliance or non-compliance with the provisions of this Act respecting compliance or non-compliance with the provisions of this Act by any dealer, agent, investment adviser, or investment adviser representative, shall constitute prima facie evidence of such compliance or of such non-compliance with the provisions of this Act, as the case may be, and shall be admissible in evidence in any action at law or in equity to enforce the provisions of this Act.

### Sec. 31. Construction.

Nothing herein contained shall limit or diminish the liability of any person or company, or of its

officers or agents, now imposed by law to prevent the prosecution of any person or company, or of its officers or agents, for the violation of the provisions of any other statute.

### Sec. 32. Injunctions and Restitution.

A. Whenever it shall appear to the Commissioner either upon complaint or otherwise, that any person has engaged or is about to engage in fraud or a fraudulent practice in connection with the sale of a security, has engaged or is about to engage in fraud or a fraudulent practice in the rendering of services as an investment adviser or investment adviser representative, has made an offer containing a statement that is materially misleading or is otherwise likely to deceive the public, or is engaging or is about to engage in an act or practice that violates this Act or a Board rule or order, the Attorney General may, on request by the Commissioner, and in addition to any other remedies, bring action in the name and on behalf of the State of Texas against such person or company and any person who, with intent to deceive or defraud or with reckless disregard for the truth or the law, has materially aided, is materially aiding, or is about to materially aid such person and any other person or persons heretofore concerned in or in any way participating in or about to participate in such acts or practices, to enjoin such person or company and such other person or persons from continuing such acts or practices or doing any act or acts in furtherance thereof. The Commissioner shall verify, on information and belief, the facts contained in an application for injunction under this section. In any such court proceedings, the Attorney General may apply for and on due showing be entitled to have issued the court's subpoena requiring the forthwith appearance of any defendant and the defendant's employees or agents and the production of documents, books and records as may appear necessary for the hearing of such petition, to testify and give evidence concerning the acts or conduct or things complained of in such application for injunction. The District Court of any county, wherein it is shown that the acts complained of have been or are about to be committed, or a district court in Travis County shall have jurisdiction of any action brought under this section, and this provision shall be superior to any provision fixing the jurisdiction or venue with regard to suits for injunction. No bond for injunction shall be required of the

Commissioner or Attorney General in any such proceeding.

B. The Attorney General may, in an action under Subsection A of this section or in a separate action in District Court, seek *equitable relief, including* restitution for a victim of fraudulent practices. The court may *grant any equitable relief that the court considers appropriate and may* order the defendant to deliver to the person defrauded the amount of money or the property that the defendant obtained from the person by the fraudulent practices.

C. *In an action brought under this section for fraud or a fraudulent practice in connection with the sale of a security, the Attorney General may seek, for an aggrieved person, the disgorgement of any economic benefit gained by the defendant through the violation, including a bonus, fee, commission, option, proceeds, profit from or loss avoided through the sale of the security, or any other tangible benefit. The Attorney General may recover from an order of disgorgement obtained under this subsection reasonable costs and expenses incurred by the Attorney General in bringing the action.*

### Sec. 33. Civil Liability with Respect to Issuance or Sale of a Security.

### A. Liability of Sellers.

(1) Registration and Related Violations. A person who offers or sells a security in violation of Section 7, 9 (or a requirement of the Commissioner thereunder), 12, 23C, or an order under 23A or 23-2 of this Act is liable to the person buying the security from him, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the security.

(2) Untruth or Omission. A person who offers or sells a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him, who may sue either at law or in equity for rescission, or for damages if the buyer no longer owns the security. However, a person is not liable if he sustains the burden of proof that either (a) the buyer knew of the

untruth or omission or (b) he (the offeror or seller) did not know, and in the exercise of reasonable care could not have known, of the untruth or omission. The issuer of the security (other than a government issuer identified in Section 5M) is not entitled to the defense in clause (b) with respect to an untruth or omission (i) in a prospectus required in connection with a registration statement under Section 7A, 7B, or 7C, or (ii) in a writing prepared and delivered by the issuer in the sale of a security.

### B. Liability of Buyers.

A person who offers to buy or buys a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person selling the security to him, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the security. However, a person is not liable if he sustains the burden of proof that either (a) the seller knew of the untruth or omission, or (b) he (the offeror or buyer) did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

### C. Liability of Nonselling Issuers Which Register.

(1) This Section 33C applies only to an issuer which registers under Section 7A, 7B, or 7C of this Act, or under Section 6 of the U.S. Securities Act of 1933, its outstanding securities for offer and sale by or for the owner of the securities.

(2) If the prospectus required in connection with the registration contains, as of its effective date, an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the issuer is liable to a person buying the registered security, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the securities. However, an issuer is not liable if it sustains the burden of proof that the buyer knew of the untruth or omission.

### D. Rescission and Damages. For this Section 33:

(1) On rescission, a buyer shall recover (a) the consideration he paid for the security plus interest thereon at the legal rate from the date of payment by him, less (b) the amount of any income he received on the security, upon tender of the security (or a security of the same class and series).

(2) On rescission, a seller shall recover the security (or a security of the same class and series) upon tender of (a) the consideration he received for the security plus interest thereon at the legal rate from the date of receipt by him, less (b) the amount of any income the buyer received on the security.

(3) In damages, a buyer shall recover (a) the consideration the buyer paid for the security plus interest thereon at the legal rate from the date of payment by the buyer, less (b) the greater of:

(i) the value of the security at the time the buyer disposed of it plus the amount of any income the buyer received on the security; or

(ii) the actual consideration received for the security at the time the buyer disposed of it plus the amount of any income the buyer received on the security.

(4) In damages, a seller shall recover (a) the value of the security at the time of sale plus the amount of any income the buyer received on the security, less (b) the consideration paid the seller for the security plus interest thereon at the legal rate from the date of payment to the seller.

(5) For a buyer suing under Section 33C, the consideration he paid shall be deemed the lesser of (a) the price he paid and (b) the price at which the security was offered to the public.

(6) On rescission or as a part of damages, a buyer or a seller shall also recover costs.

(7) On rescission or as a part of damages, a buyer or a seller may also recover reasonable attorney's fees if the court finds that the recovery would be equitable in the circumstances.

**E. Time of Tender. Any tender specified in Section 33D may be made at any time before entry of judgment.**

**F. Liability of Control Persons and Aiders.**

(1) A person who directly or indirectly controls a seller, buyer, or issuer of a security is liable under Section 33A, 33B, or 33C jointly and

severally with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer, unless the controlling person sustains the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

(2) A person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security is liable under Section 33A, 33B, or 33C jointly and severally with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer.

(3) There is contribution as in cases of contract among the several persons so liable.

**G. Survivability of Actions. Every cause of action under this Act survives the death of any person who might have been a plaintiff or defendant.**

**H. Statute of Limitations.**

(1) No person may sue under Section 33A(1) or 33F so far as it relates to Section 33A(1):

(a) more than three years after the sale; or

(b) if he received a rescission offer (meeting the requirements of Section 33I) before suit unless he (i) rejected the offer in writing within 30 days of its receipt and (ii) expressly reserved in the rejection his right to sue; or

(c) more than one year after he so rejected a rescission offer meeting the requirements of Section 33I.

(2) No person may sue under Section 33A(2), 33C, or 33F so far as it relates to 33A(2) or 33C:

(a) more than three years after discovery of the untruth or omission, or after discovery should have been made by the exercise of reasonable diligence; or

(b) more than five years after the sale; or

(c) if he received a rescission offer (meeting the requirements of Section 33I) before suit, unless he (i) rejected the offer in writing within 30 days of its receipt, and (ii) expressly reserved in the rejection his right to sue; or

(d) more than one year after he so rejected a rescission offer meeting the requirements of Section 33I.

(3) No person may sue under Section 33B or 33F so far as it relates to Section 33B:

(a) more than three years after discovery of the untruth or omission, or after discovery should have been made by the exercise of reasonable diligence; or

(b) more than five years after the purchase; or

(c) if he received a rescission offer (meeting the requirements of Section 33J) before suit unless he (i) rejected the offer in writing within 30 days of its receipt, and (ii) expressly reserved in the rejection his right to sue; or

(d) more than one year after he so rejected a rescission offer meeting the requirements of Section 33J.

### I. Requirements of a Rescission Offer to Buyers. A rescission offer under Section 33H(1) or (2) shall meet the following requirements:

(1) The offer shall include financial and other information material to the offeree's decision whether to accept the offer, and shall not contain an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

(2) The offeror shall deposit funds in escrow in a state or national bank doing business in Texas (or in another bank approved by the Commissioner) or receive an unqualified commitment from such a bank to furnish funds sufficient to pay the amount offered.

(3) The amount of the offer to a buyer who still owns the security shall be the amount (excluding costs and attorney's fees) he would recover on rescission under Section 33D(1).

(4) The amount of the offer to a buyer who no longer owns the security shall be the amount (excluding costs and attorney's fees) he would recover in damages under Section 33D(3).

(5) The offer shall state:

(a) the amount of the offer, as determined pursuant to Paragraph (3) or (4) above, which shall be given (i) so far as practicable in terms of a specified number of dollars and a specified rate of interest for a period starting at a specified date, and (ii) so far as necessary, in terms of specified elements (such as the value of the security when it was disposed of by the offeree) known to the offeree but not to the

offeror, which are subject to the furnishing of reasonable evidence by the offeree.

(b) the name and address of the bank where the amount of the offer will be paid.

(c) that the offeree will receive the amount of the offer within a specified number of days (not more than 30) after receipt by the bank, in form reasonably acceptable to the offeror, and in compliance with the instructions in the offer, of:

(i) the security, if the offeree still owns it, or evidence of the fact and date of disposition if he no longer owns it; and

(ii) evidence, if necessary, of elements referred to in Paragraph (a)(ii) above.

(d) conspicuously that the offeree may not sue on his purchase under Section 33 unless:

(i) he accepts the offer but does not receive the amount of the offer, in which case he may sue within the time allowed by Section 33H(1)(a) or 33H(2)(a) or (b), as applicable; or

(ii) he rejects the offer in writing within 30 days of its receipt and expressly reserves in the rejection his right to sue, in which case he may sue within one year after he so rejects.

(e) in reasonable detail, the nature of the violation of this Act that occurred or may have occurred.

(f) any other information the offeror wants to include.

**J. Requirements of a Rescission Offer to Sellers. A rescission offer under Section 33H(3) shall meet the following requirements:**

(1) The offer shall include financial and other information material to the offeree's decision whether to accept the offer, and shall not contain an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

(2) The offeror shall deposit the securities in escrow in a state or national bank doing business in Texas (or in another bank approved by the Commissioner).

(3) The terms of the offer shall be the same (excluding costs and attorney's fees) as the seller would recover on rescission under Section 33D(2).

(4) The offer shall state:

(a) the terms of the offer, as determined pursuant to Paragraph (3) above, which shall be given (i) so far as practicable in terms of a specified number and kind of securities and a specified rate of interest for a period starting at a specified date, and (ii) so far as necessary, in terms of specified elements known to the offeree but not the offeror, which are subject to the furnishing of reasonable evidence by the offeree.

(b) the name and address of the bank where the terms of the offer will be carried out.

(c) that the offeree will receive the securities within a specified number of days (not more than 30) after receipt by the bank, in form reasonably acceptable to the offeror, and in compliance with the instructions in the offer, of:

(i) the amount required by the terms of the offer; and

(ii) evidence, if necessary, of elements referred to in Paragraph (a)(ii) above.

(d) conspicuously that the offeree may not sue on his sale under Section 33 unless:

(i) he accepts the offer but does not receive the securities, in which case he may sue within the time allowed by Section 33H(3)(a) or (b), as applicable; or

(ii) he rejects the offer in writing within 30 days of its receipt and expressly reserves in the rejection his right to sue, in which case he may sue within one year after he so rejects.

(e) in reasonable detail, the nature of the violation of this Act that occurred or may have occurred.

(f) any other information the offeror wants to include.

### K. Unenforceability of Illegal Contracts.

No person who has made or engaged in the performance of any contract in violation of any provision of this Act or any rule or order or requirement hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.

### L. Waivers Void.

A condition, stipulation, or provision binding a

buyer or seller of a security or a purchaser of services rendered by an investment adviser or investment adviser representative to waive compliance with a provision of this Act or a rule or order or requirement hereunder is void.

## M. Saving of Existing Remedies.

The rights and remedies provided by this Act are in addition to any other rights (including exemplary or punitive damages) or remedies that may exist at law or in equity.

## N. Limitation of Liability in Small Business Issuances.

(1) For purposes of this Section 33N, unless the context otherwise requires, "small business issuer" means an issuer of securities that, at the time of an offer to which this Section 33N applies:

(a) has annual gross revenues in an amount that does not exceed $25 million; and

(b) does not have a class of equity securities registered, or required to be registered, with the Securities and Exchange Commission under Section 12 of the Securities Exchange Act of 1934, as amended (15 U.S.C. Section 781).

(2) This Section 33N applies only to:

(a) an offer of securities made by a small business issuer or by the seller of securities of a small business issuer that is in an aggregate amount that does not exceed $5 million; and

(b) a person who has been engaged to provide services relating to an offer of securities described by Section 33N(2)(a), including an attorney, an accountant, a consultant, or the firm of the attorney, accountant, or consultant.

(3) The maximum amount that may be recovered against a person to which this Section 33N applies in any action or series of actions under Section 33 relating to an offer of securities to which this Section 33N applies is an amount equal to three times the fee paid by the issuer or other seller to the person for the services related to the offer of securities, unless the trier of fact finds the person engaged in intentional wrongdoing in providing the services.

(4) A small business issuer making an offer of securities shall provide to the prospective buyer a written disclosure of the limitation of liability created by this Section 33N and shall receive a signed acknowledgement that the disclosure was provided.

### Sec. 33-1. Civil Liability of Investment Advisers and Investment Adviser Representatives.

#### A. Liability of Investment Advisers and Investment Adviser Representatives.

(1) An investment adviser or investment adviser representative who renders services as an investment adviser in violation of Section 12 or an order under Section 23B or 23-2 of this Act is liable to the purchaser, who may sue at law or in equity, for damages in the amount of any consideration paid for the services.

(2) Except as provided by Subsection C of this section, an investment adviser or investment adviser representative who commits fraud or engages in a fraudulent practice in rendering services as an investment adviser is liable to the purchaser, who may sue at law or in equity, for damages.

#### B. Damages. In damages under Subsection A(2) of this section, the purchaser is entitled to recover:

(1) the amount of any consideration paid for the services, less the amount of any income the purchaser received from acting on the services;

(2) any loss incurred by the person in acting on the services provided by the adviser or representative;

(3) interest at the legal rate for judgments accruing from the date of the payment of consideration; and

(4) to the extent the court considers equitable, court costs and reasonable attorney's fees.

#### C. Untruth or Omission.

An investment adviser or investment adviser representative who in rendering services as an investment adviser makes a false statement of a material fact or omits to state a material fact necessary in order to make the statement made, in light of the circumstances under which the statement is made, not misleading, may not be found liable under Subsection A(2) of this section if the adviser or representative proves:

(1) the purchaser knew of the truth or omission; or

(2) the adviser or representative did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

## D. Statute of Limitations.

(1) A person may not sue under Subsection A (1) of this section more than three years after the violation occurred.

(2) A person may not sue under Subsection A (2) of this section more than five years after the violation occurs or more than three years after the person knew or should have known, by the exercise of reasonable diligence, of the occurrence of the violation.

## E. Liability of Control Persons and Assistants.

(1) A person who directly or indirectly controls an investment adviser is jointly and severally liable with the investment adviser under this section, and to the same extent as the investment adviser, unless the controlling person sustains the burden of proof that the person did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which liability is alleged to exist.

(2) A person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids an investment adviser in conduct for which a cause of action is authorized by this section is jointly and severally liable with the investment adviser in an action to recover damages under this section.

F. A remedy provided by this section is not exclusive of any other applicable remedy provided by law.

## Sec. 34. Actions for Commission; Allegations and Proof of Compliance.

No person or company shall bring or maintain any action in the courts of this state for collection of a commission or compensation for services rendered in the sale or purchase of securities, as that term is defined in this Act, without alleging and proving that such person or company was duly registered under the provisions of this Act (or duly exempt from such registration pursuant to rules adopted under Section 12C of this Act) and the securities so sold were duly registered under the provisions of this Act at the time the alleged cause of action arose; provided, however, that this section shall not apply to any company or person that rendered services in connection with any transaction exempted by Section 5 of this Act or by any rule

promulgated by the Board pursuant to Subsection T of Section 5 of this Act if the company or person was not required to be registered by the terms of the exemption.

**Sec. 35. Fees. The Commissioner or Board shall charge and collect the following fees and shall daily pay all fees received into the State Treasury:**

A. The Board shall establish the following fees in amounts so that the aggregate amount that exceeds the amount of the fees on September 1, 2002, produces sufficient revenue to cover the costs of administering and enforcing this Act:

(1) for the filing of any original, amended, or renewal application to sell or dispose of securities, an amount not to exceed $100;

(2) for the filing of any original application of a dealer or investment adviser or for the submission of a notice filing for a federal covered investment adviser, an amount not to exceed $100;

(3) for the filing of any renewal application of a dealer or investment adviser or for the submission of a renewal notice filing for a federal covered investment adviser, an amount not to exceed $100;

(4) for the filing of any original application for each agent, officer, or investment adviser representative or for the submission of a notice filing for each representative of a federal covered investment adviser, an amount not to exceed $100; and

(5) for the filing of any renewal application for each agent, officer, or investment adviser representative or for the submission of a renewal notice filing for each representative of a federal covered investment adviser, an amount not to exceed $100.

B. The Commissioner or Board shall charge and collect the following fees and shall daily pay all fees received into the State Treasury:

(1) for any filing to amend the registration certificate of a dealer or investment adviser or evidence of registration of an agent or investment adviser representative, issue a duplicate certificate or evidence of registration, or register a branch office, $25;

(2) for the examination of any original or amended application filed under Subsection A, B, or C of Section 7 of this Act, regardless of

whether the application is denied, abandoned, withdrawn, or approved, a fee of one-tenth (1/10) of one percent (1%) of the aggregate amount of securities described and proposed to be sold to persons located within this state based upon the price at which such securities are to be offered to the public;

(3) for certified copies of any papers filed in the office of the Commissioner, the Commissioner shall charge such fees as are reasonably related to costs; however, in no event shall such fees be more than those which the Secretary of State is authorized to charge in similar cases;

(4) for the filing of any application for approval of a stock exchange so that securities fully listed thereon will be exempt, a fee of *$10,000*;

(5) for the filing of a request to take the Texas Securities Law Examination, *$35*;

(6) for the filing of an initial notice required by the Commissioner to claim a secondary trading exemption, a fee of *$500*, and for the filing of a secondary trading exemption renewal notice, a fee of *$500*;

(7) for the filing of an initial notice required by the Commissioner to claim a limited offering exemption, a fee of one-tenth (1/10) of one percent (1%) of the aggregate amount of securities described as being offered for sale, but in no case more than *$500*; and

(8) for an interpretation by the Board's general counsel of this Act or a rule adopted under this Act, a fee of *$100*, except that an officer or employee of a governmental entity and the entity that the officer or employee represents are exempt from the fee under this subsection when the officer or employee is conducting official business of the entity.

*C. Subject to Subsection A of this section, the Board shall set a fee under this section in an amount that is reasonable and necessary to defray costs.*

*D. A cost incurred by the Board in administering this Act may be paid only from a fee collected under Subsection A of this section.*

### Sec. 35-1. Fees for Sales of Excess Securities.

A. An offeror who sells securities in this State in excess of the aggregate amount of securities registered for the offering may apply to register the excess securities by paying three times the

difference between the initial fee paid and the fee required under Subsection B(2) of Section 35, plus, if the registration is no longer in effect, interest on that amount computed at the rate provided by Section 302.002, Finance Code, from the date the registration was no longer in effect until the date the subsequent application is filed, for the securities sold to persons within this State, plus the amendment fee prescribed by Subsection A(1) of Section 35. Registration of the excess securities, if granted, shall be effective retroactively to the effective date of the initial registration for the offering.

B. An offeror who has filed a notice to claim a limited offering exemption, who paid less than the maximum fee prescribed in Subsection B(7) of Section 35, and who offered a greater amount of securities in the offering than authorized pursuant to the formula prescribed in Subsection B(7) of Section 35, may file an amended notice disclosing the amount of securities offered and paying three times the difference between the fee initially paid and the fee which should have been paid, plus interest on that amount computed at the rate provided by Section 302.002, Finance Code, from the date the original notice was received by the Commissioner until the date the amended notice is received by the Commissioner. The amended notice shall be retroactive to the date of the initial filing.

### Sec. 35-2. Fees for Sales of Unregistered Securities.

If, after notice and hearing, the Commissioner or any court of competent jurisdiction finds that an offeror has sold securities in this State pursuant to an offering no part of which has been registered under Section 7 or 10 of this Act and for which the transactions or securities are not exempt under Section 5 or 6 of this Act, the Commissioner or said court may impose a fee equal to six times the amount that would have been paid if the issuer had filed an application to register the securities and paid the fee prescribed by Subsection B(2) of Section 35 based on the aggregate amount of sales made in this State within the prior three years, plus interest on that amount at the rate provided by Section 302.002, Finance Code, from the date of the first such sale made in this State until the date the fee is paid. The payment of the fee prescribed by this Section does not effect registration of the securities or affect the application of any other Section of

this Act. The payment of the fee prescribed by this Act. The payment of the fee prescribed by this Section is not an admission that the transactions or securities were not exempt and is not admissible as evidence in a suit or proceeding for failure to register the securities.

### Sec. 36. Deposit to General Revenue Fund.

Upon and after the effective date of this Act all moneys received from fees, assessments, or charges under this Act shall be paid by the Commissioner or Board into the General Revenue Fund. If the Commissioner or Board determines that all or part of a registration fee should be refunded, the Commissioner may make the refund by warrant on the State Treasury from funds appropriated from the General Revenue Fund for that purpose.

### Sec. 37. Pleading Exemptions.

It shall not be necessary to negative any of the exemptions in this Act in any complaint, information or indictment, or any writ or proceeding laid or brought under this Act; and the burden of proof of any such exemption shall be upon the party claiming the same.

### Sec. 38. Partial Invalidity; Severability.

The provisions of this Act are severable, and in the event that any provision thereof should be declared void or unconstitutional, it is hereby declared that the remaining provisions would have been enacted notwithstanding such judicial determination of the invalidity of any particular provision or provisions in any respect, and said sections shall remain in full force and effect.

### Sec. 39. Repeal of Securities Act and Insurance Securities Act Now in Effect; Saving Clause as to Pending Proceedings.

The Acts now in effect being currently known as the Securities Act of Texas and the Insurance Securities Act of Texas, as embraced in Senate Bill No. 149, Chapter 67, and House Bill No. 39, Chapter 384, Acts of the 54th Legislature, 1955, and codified as Articles 579 and 580 of Vernon's Civil Statutes of Texas, be and the same are hereby repealed; provided, however, that all permits, orders, and licenses issued by the Secretary of State or Board of Insurance Commissioners pursuant to said laws prior to the effective date of this Act shall be valid during the period for which they were issued unless sooner revoked by the Commissioner for any cause for which the Commissioner is authorized by this Act to

revoke hereunder; provided further, that all prosecutions and legal or other proceedings begun, and any violation of law whether prosecution or administrative action is commenced or not, and any cause of action of civil or criminal nature existing under the provisions of that law now in effect, shall continue in effect and remain in full force and effect until terminated as under the terms of the law now in force, notwithstanding the passage of this Act.

### Sec. 40. Repealed. House Bill 11, Chapter 5, Acts of the 72nd Legislature, 1st Called Session, 1991.

### Sec. 41. Increase in Fees.

(a) Each of the following fees imposed by or under another section of this Act is increased by $200:

(1) fee for filing any original application of a dealer or investment adviser or for submitting a notice filing for a federal covered investment adviser;

(2) fee for filing any renewal application of a dealer or investment adviser or for submitting a renewal notice filing for a federal covered investment adviser;

(3) fee for filing any original application for agent, officer, or investment adviser representative or for submitting a notice filing for an investment adviser representative of a federal covered investment adviser; and

(4) fee for filing any renewal application for agent, officer, or investment adviser representative or for submitting a renewal notice filing for an investment adviser representative of a federal covered investment adviser.

(b) Of each fee increase collected, $50 shall be deposited to the credit of the foundation school fund and $150 shall be deposited to the credit of the general revenue fund. This subsection applies to the disposition of each fee increase regardless of any other provision of law providing for a different disposition of funds.

### Sec. 42. Reduced Fees.

A. The Board by rule may adopt reduced fees, under Sections 35 and 41 of this Act, for original and renewal applications of dealers, agents, officers, investment advisers, or investment adviser representatives who have assumed inactive status as defined by the

Board.

B. The Board by rule may adopt reduced fees, under Sections 35 and 41 of this Act, as appropriate to accommodate a small business required by this Act to register in two or more of the following capacities:

(1) dealer;

(2) agent;

(3) investment adviser;

(4) investment adviser representative; or

(5) officer.

C. Notwithstanding Sections 35 and 41 of this Act, a person shall pay only one fee required under those sections to engage in business in this state concurrently for the same person or company as:

(1) a dealer and an investment adviser; or

(2) an agent and investment adviser representative.

### Sec. 43. Investor Education.

A. The Commissioner, with Board approval, shall develop and implement investor education initiatives to inform the public about the basics of investing in securities, with a special emphasis placed on the prevention and detection of securities fraud. Materials developed for and distributed as part of the initiatives must be published in both Spanish and English.

B. In developing and implementing the initiatives, the Commissioner shall use the Commissioner's best efforts to collaborate with public or nonprofit entities with an interest in investor education.

C. Subject to Chapter 575, Government Code, the Commissioner may accept grants and donations from a person who is not affiliated with the securities industry or from a nonprofit association, regardless of whether the entity is affiliated with the securities industry, for use in providing investor education initiatives.