# EXHIBIT K

Case 1:10-cv-00745-PKC   Document 20-13   Filed 04/09/10   Page 2 of 9



3 of 3 DOCUMENTS

LEXISNEXIS (TM) MINNESOTA ANNOTATED STATUTES
\*\*\* ARCHIVE DATA \*\*\*

\*\*\* CURRENT THROUGH THE 2005 LEGISLATIVE SESSION \*\*\*
\*\*\* Annotations are current through November 7, 2006. \*\*\*

Securities, Commercial Regulations
CHAPTER 80A REGULATION OF SECURITIES

*Minn. Stat. § 80A.15* (2005)

80A.15 Exemptions

Subdivision 1. Securities exempted. The following securities are exempted from sections 80A.08 and 80A.16:

(a) Any security, including a revenue obligation, issued or guaranteed by the United States, any state, any political subdivision of a state, or any agency or corporate or other instrumentality of one or more of the foregoing; but this exemption does not apply to a security issued by any of the foregoing that is payable solely from payments to be received in respect of property or money used under a lease, sale, or loan arrangement by or for a nongovernmental industrial or commercial enterprise. Pursuant to section 106(c) of the Secondary Mortgage Market Enhancement Act of 1984, Public Law 98-440, this exemption does not apply to a security that is offered or sold pursuant to section 106(a)(1) or (2) of that act.

(b) Any security issued or guaranteed by Canada, any Canadian province, any political subdivision of any province, any agency or corporate or other instrumentality of one or more of the foregoing, if the security is recognized as a valid obligation by the issuer or guarantor; but this exemption shall not include any revenue obligation payable solely from payments to be made in respect of property or money used under a lease, sale or loan arrangement by or for a nongovernmental industrial or commercial enterprise.

(c) Any security issued by and representing an interest in or a debt of, or guaranteed by, any bank organized under the laws of the United States, or any bank, savings institution or trust company organized under the laws of any state and subject to regulation in respect of the issuance or guarantee of its securities by a governmental authority of that state.

(d) Any security issued by and representing an interest in or a debt of, or guaranteed by, any federal savings association, or any savings association or similar association organized under the laws of any state and authorized to do business in this state.

(e) Any security issued or guaranteed by any federal credit union or any credit union, or similar association organized and supervised under the laws of this state.

(f) Any security listed or approved for listing upon notice of issuance on the New York Stock Exchange, the American Stock Exchange, the Midwest Stock Exchange, the Pacific Stock Exchange, or the Chicago Board Options Exchange; any other security of the same issuer which is of senior or substantially equal rank; any security called for by subscription rights or warrants so listed or approved; or any warrant or right to purchase or subscribe to any of the foregoing. This exemption does not apply to second tier listings on any of the exchanges in this paragraph.

(g) Any commercial paper which arises out of a current transaction or the proceeds of which have been or are to be used for current transactions, and which evidences an obligation to pay cash within nine months of the date of issuance, exclusive of days of grace, or any renewal of the paper which is likewise limited, or any guarantee of the paper or of any

renewal which are not advertised for sale to the general public in newspapers or other publications of general circulation or otherwise, or by radio, television or direct mailing.

(h) Any interest in any employee's savings, stock purchase, pension, profit sharing or similar benefit plan, or a self-employed person's retirement plan.

(i) Any security issued or guaranteed by any railroad, other common carrier or public utility which is subject to regulation in respect to the issuance or guarantee of its securities by a governmental authority of the United States.

(j) Any interest in a common trust fund or similar fund maintained by a state bank or trust company organized and operating under the laws of Minnesota, or a national bank wherever located, for the collective investment and reinvestment of funds contributed thereto by the bank or trust company in its capacity as trustee, executor, administrator, or guardian; and any interest in a collective investment fund or similar fund maintained by the bank or trust company, or in a separate account maintained by an insurance company, for the collective investment and reinvestment of funds contributed thereto by the bank, trust company or insurance company in its capacity as trustee or agent, which interest is issued in connection with an employee's savings, pension, profit sharing or similar benefit plan, or a self-employed person's retirement plan.

(k) Any security which meets all of the following conditions:

(1) If the issuer is not organized under the laws of the United States or a state, it has appointed a duly authorized agent in the United States for service of process and has set forth the name and address of the agent in its prospectus;

(2) A class of the issuer's securities is required to be and is registered under section 12 of the Securities Exchange Act of 1934, and has been so registered for the three years immediately preceding the offering date;

(3) Neither the issuer nor a significant subsidiary has had a material default during the last seven years, or for the period of the issuer's existence if less than seven years, in the payment of (i) principal, interest, dividend, or sinking fund installment on preferred stock or indebtedness for borrowed money, or (ii) rentals under leases with terms of three years or more;

(4) The issuer has had consolidated net income, before extraordinary items and the cumulative effect of accounting changes, of at least $ 1,000,000 in four of its last five fiscal years including its last fiscal year; and if the offering is of interest bearing securities, has had for its last fiscal year, net income, before deduction for income taxes and depreciation, of at least 1-1/2 times the issuer's annual interest expense, giving effect to the proposed offering and the intended use of the proceeds. For the purposes of this clause "last fiscal year" means the most recent year for which audited financial statements are available, provided that such statements cover a fiscal period ended not more than 15 months from the commencement of the offering;

(5) If the offering is of stock or shares other than preferred stock or shares, the securities have voting rights and the rights include (i) the right to have at least as many votes per share, and (ii) the right to vote on at least as many general corporate decisions, as each of the issuer's outstanding classes of stock or shares, except as otherwise required by law; and

(6) If the offering is of stock or shares, other than preferred stock or shares, the securities are owned beneficially or of record, on any date within six months prior to the commencement of the offering, by at least 1,200 persons, and on that date there are at least 750,000 such shares outstanding with an aggregate market value, based on the average bid price for that day, of at least $ 3,750,000. In connection with the determination of the number of persons who are beneficial owners of the stock or shares of an issuer, the issuer or broker-dealer may rely in good faith for the purposes of this clause upon written information furnished by the record owners.

(l) Any certificate of indebtedness sold or issued for investment, other than a certificate of indebtedness pledged as a security for a loan made contemporaneously therewith, and any savings account or savings deposit issued, by an industrial loan and thrift company.

(m) Any security designated or approved for designation upon notice of issuance on the NASDAQ/National Market System; any other security of the same issuer that is of senior or substantially equal rank; any security called for by subscription rights or warrants so designated or approved; or any warrant or right to purchase or subscribe to any of the securities referred to in this paragraph; provided that the National Market System provides the commissioner with notice of any material change in its designation requirements. The commissioner may revoke this exemption if the com-

missioner determines that the designation requirements are not enforced or are amended in a manner that lessens protection to investors.

Subd. 2. **Transactions exempted.** The following transactions are exempted from sections 80A.08 and 80A.16:

(a) Any sales, whether or not effected through a broker-dealer, provided that:

(1) no person shall make more than ten sales of securities in Minnesota of the same issuer pursuant to this exemption, exclusive of sales according to clause (2), during any period of 12 consecutive months; provided further, that in the case of sales by an issuer, except sales of securities registered under the Securities Act of 1933 or exempted by section 3(b) of that act, (i) the seller reasonably believes that all buyers are purchasing for investment, and (ii) the securities are not advertised for sale to the general public in newspapers or other publications of general circulation or otherwise, or by radio, television, electronic means or similar communications media, or through a program of general solicitation by means of mail or telephone; or

(2) no issuer shall make more than 25 sales of its securities in Minnesota according to this exemption, exclusive of sales pursuant to clause (1), during any period of 12 consecutive months; provided further, that the issuer meets the conditions in clause (1) and, in addition meets the following additional conditions: (i) files with the commissioner, ten days before a sale according to this clause, a statement of issuer on a form prescribed by the commissioner; and (ii) no commission or other remuneration is paid or given directly or indirectly for soliciting any prospective buyers in this state in connection with a sale according to this clause except reasonable and customary commissions paid by the issuer to a broker-dealer licensed under this chapter.

(b) Any nonissuer distribution of an outstanding security if (1) either Moody's, Fitch's, or Standard & Poor's Securities Manuals, or other recognized manuals approved by the commissioner contains the names of the issuer's officers and directors, a balance sheet of the issuer as of a date not more than 18 months prior to the date of the sale, and a profit and loss statement for the fiscal year preceding the date of the balance sheet, and (2) the issuer or its predecessor has been in active, continuous business operation for the five-year period next preceding the date of sale, and (3) if the security has a fixed maturity or fixed interest or dividend provision, the issuer has not, within the three preceding fiscal years, defaulted in payment of principal, interest, or dividends on the securities.

(c) The execution of any orders by a licensed broker-dealer for the purchase or sale of any security, pursuant to an unsolicited offer to purchase or sell; provided that the broker-dealer acts as agent for the purchaser or seller, and has no direct material interest in the sale or distribution of the security, receives no commission, profit, or other compensation from any source other than the purchaser and seller and delivers to the purchaser and seller written confirmation of the transaction which clearly itemizes the commission, or other compensation.

(d) Any nonissuer sale of notes or bonds secured by a mortgage lien if the entire mortgage, together with all notes or bonds secured thereby, is sold to a single purchaser at a single sale.

(e) Any judicial sale, exchange, or issuance of securities made pursuant to an order of a court of competent jurisdiction.

(f) The sale, by a pledge holder, of a security pledged in good faith as collateral for a bona fide debt.

(g) Any offer or sale to a bank, savings institution, trust company, insurance company, investment company as defined in the Investment Company Act of 1940, or other financial institution or institutional buyer, or to a broker-dealer, whether the purchaser is acting for itself or in some fiduciary capacity.

(h) An offer or sale of securities by an issuer made in reliance on the exemptions provided by Rule 505 or 506 of Regulation D promulgated by the Securities and Exchange Commission, *Code of Federal Regulations, title 17, sections 230.501 to 230.508*, subject to the conditions and definitions provided by Rules 501 to 503 of Regulation D, if the offer and sale also satisfies the conditions and limitations in clauses (1) to (10).

(1) The exemption under this paragraph is not available for the securities of an issuer if any of the persons described in Rule 252(c) to (f) of Regulation A promulgated by the Securities and Exchange Commission, *Code of Federal Regulations, title 17, sections 230.251 to 230.263*:

(i) has filed a registration statement that is the subject of a currently effective order entered against the issuer, its officers, directors, general partners, controlling persons, or affiliates, according to any state's law within five years be-

fore the filing of the notice required under clause (5), denying effectiveness to, or suspending or revoking the effectiveness of, the registration statement;

(ii) has been convicted, within five years before the filing of the notice required under clause (5), of a felony or misdemeanor in connection with the offer, sale, or purchase of a security or franchise, or a felony involving fraud or deceit, including but not limited to forgery, embezzlement, obtaining money under false pretenses, larceny, or conspiracy to defraud;

(iii) is subject to an effective administrative order or judgment entered by a state securities administrator within five years before the filing of the notice required under clause (5), that prohibits, denies, or revokes the use of an exemption from securities registration, that prohibits the transaction of business by the person as a broker-dealer or agent, that is based on fraud, deceit, an untrue statement of a material fact, or an omission to state a material fact; or

(iv) is subject to an order, judgment, or decree of a court entered within five years before the filing of the notice required under clause (5), temporarily, preliminarily, or permanently restraining or enjoining the person from engaging in or continuing any conduct or practice in connection with the offer, sale, or purchase of a security, or the making of a false filing with a state.

A disqualification under paragraph (h) involving a broker-dealer or agent is waived if the broker-dealer or agent is or continues to be licensed in the state in which the administrative order or judgment was entered against the person or if the broker-dealer or agent is or continues to be licensed in this state as a broker-dealer or agent after notifying the commissioner of the act or event causing disqualification.

The commissioner may waive a disqualification under paragraph (h) upon a showing of good cause that it is not necessary under the circumstances that use of the exemption be denied.

A disqualification under paragraph (h) may be waived if the state securities administrator or agency of the state that created the basis for disqualification has determined, upon a showing of good cause, that it is not necessary under the circumstances that an exemption from registration of securities under the state's laws be denied.

It is a defense to a violation of paragraph (h) based upon a disqualification if the issuer sustains the burden of proof to establish that the issuer did not know, and in the exercise of reasonable care could not have known, that a disqualification under paragraph (h) existed.

(2) This exemption must not be available to an issuer with respect to a transaction that, although in technical compliance with this exemption, is part of a plan or scheme to evade registration or the conditions or limitations explicitly stated in paragraph (h).

(3) No commission, finder's fee, or other remuneration shall be paid or given, directly or indirectly, for soliciting a prospective purchaser, unless the recipient is appropriately licensed, or exempt from licensure, in this state as a broker-dealer.

(4) Nothing in this exemption is intended to or should be in any way construed as relieving issuers or persons acting on behalf of issuers from providing disclosure to prospective investors adequate to satisfy the antifraud provisions of the securities law of Minnesota.

(5) The issuer shall file with the commissioner a notice on form D as adopted by the Securities and Exchange Commission according to Regulation D, *Code of Federal Regulations, title 17, section 230.502*. The notice must be filed not later than 15 days after the first sale in this state of securities in an offering under this exemption. Every notice on form D must be manually signed by a person duly authorized by the issuer and must be accompanied by a consent to service of process on a form prescribed by the commissioner.

(6) A failure to comply with a term, condition, or requirement of paragraph (h) will not result in loss of the exemption for an offer or sale to a particular individual or entity if the person relying on the exemption shows that: (i) the failure to comply did not pertain to a term, condition, or requirement directly intended to protect that particular individual or entity, and the failure to comply was insignificant with respect to the offering as a whole; and (ii) a good faith and reasonable attempt was made to comply with all applicable terms, conditions, and requirements of paragraph (h), except that, where an exemption is established only through reliance upon this provision, the failure to comply shall nonetheless constitute a violation of section 80A.08 and be actionable by the commissioner.

(7) The issuer, upon request by the commissioner, shall, within ten days of the request, furnish to the commissioner a copy of any and all information, documents, or materials furnished to investors or offerees in connection with the offer and sale according to paragraph (h).

(8) Neither compliance nor attempted compliance with the exemption provided by paragraph (h), nor the absence of an objection or order by the commissioner with respect to an offer or sale of securities undertaken according to this exemption, shall be considered to be a waiver of a condition of the exemption or considered to be a confirmation by the commissioner of the availability of this exemption.

(9) The commissioner may, by rule or order, increase the number of purchasers or waive any other condition of this exemption.

(10) The determination whether offers and sales made in reliance on the exemption set forth in paragraph (h) shall be integrated with offers and sales according to other paragraphs of this subdivision shall be made according to the integration standard set forth in Rule 502 of Regulation D promulgated by the Securities and Exchange Commission, *Code of Federal Regulations, title 17, section 230.502*. If not subject to integration according to that rule, offers and sales according to paragraph (h) shall not otherwise be integrated with offers and sales according to other exemptions set forth in this subdivision.

(i) Any offer (but not a sale) of a security for which a registration statement has been filed under sections 80A.01 to 80A.31, if no stop order or refusal order is in effect and no public proceeding or examination looking toward an order is pending; and any offer of a security if the sale of the security is or would be exempt under this section. The commissioner may by rule exempt offers (but not sales) of securities for which a registration statement has been filed as the commissioner deems appropriate, consistent with the purposes of sections 80A.01 to 80A.31.

(j) The offer and sale by a cooperative organized under chapter 308A or under the laws of another state, of its securities when the securities are offered and sold only to its members, or when the purchase of the securities is necessary or incidental to establishing membership in the cooperative, or when such securities are issued as patronage dividends. This paragraph applies to a cooperative organized under the laws of another state only if the cooperative has filed with the commissioner a consent to service of process under section 80A.27, subdivision 7, and has, not less than ten days prior to the issuance or delivery, furnished the commissioner with a written general description of the transaction and any other information that the commissioner requires by rule or otherwise.

(l) The issuance and delivery of any securities of one corporation to another corporation or its security holders in connection with a merger, exchange of shares, or transfer of assets whereby the approval of stockholders of the other corporation is required to be obtained, provided, that the commissioner has been furnished with a general description of the transaction and with other information as the commissioner by rule prescribes not less than ten days prior to the issuance and delivery. For purposes of this paragraph, a corporation includes a cooperative organized under chapter 308B, and the approval of stockholders applies to members of such a cooperative.

(m) Any transaction between the issuer or other person on whose behalf the offering is made and an underwriter or among underwriters.

(n) The distribution by a corporation of its or other securities to its own security holders as a stock dividend or as a dividend from earnings or surplus or as a liquidating distribution; or upon conversion of an outstanding convertible security; or pursuant to a stock split or reverse stock split. For purposes of this paragraph, a corporation includes a cooperative organized under chapter 308B, and the term "stock" applies to interests in such a cooperative.

(o) Any offer or sale of securities by an affiliate of the issuer thereof if: (1) a registration statement is in effect with respect to securities of the same class of the issuer and (2) the offer or sale has been exempted from registration by rule or order of the commissioner.

(p) Any transaction pursuant to an offer to existing security holders of the issuer, including persons who at the time of the transaction are holders of convertible securities, nontransferable warrants, or transferable warrants exercisable within not more than 90 days of their issuance, if: (1) no commission or other remuneration (other than a standby commission) is paid or given directly or indirectly for soliciting any security holder in this state; and (2) the commissioner has been furnished with a general description of the transaction and with other information as the commissioner may by rule prescribe no less than ten days prior to the transaction.

(q) Any nonissuer sales of any security, including a revenue obligation, issued by the state of Minnesota or any of its political or governmental subdivisions, municipalities, governmental agencies, or instrumentalities.

(r) Any transaction as to which the commissioner by rule or order finds that registration is not necessary in the public interest and for the protection of investors.

(s) An offer or sale of a security issued in connection with an employee's stock purchase, savings, option, profit sharing, pension, or similar employee benefit plan, if the following conditions are met:

(1) the issuer, its parent corporation or any of its majority-owned subsidiaries offers or sells the security according to a written benefit plan or written contract relating to the compensation of the purchaser; and

(2) the class of securities offered according to the plan or contract, or if an option or right to purchase a security, the class of securities to be issued upon the exercise of the option or right, is registered under section 12 of the Securities Exchange Act of 1934, or is a class of securities with respect to which the issuer files reports according to section 15(d) of the Securities Exchange Act of 1934; or

(3) the issuer fully complies with the provisions of Rule 701 as adopted by the Securities and Exchange Commission, Code of Federal Regulations, title 12, section 230.701.

The issuer shall file not less than ten days before the transaction, a general description of the transaction and any other information that the commissioner requires by rule or otherwise or, if applicable, a Securities and Exchange Form S-8. Annually, within 90 days after the end of the issuer's fiscal year, the issuer shall file a notice as provided with the commissioner.

(t) Any sale of a security of an issuer that is a pooled income fund, a charitable remainder trust, or a charitable lead trust that has a qualified charity as the only charitable beneficiary.

(u) Any sale by a qualified charity of a security that is a charitable gift annuity if the issuer has a net worth, otherwise defined as unrestricted fund balance, of not less than $ 300,000 and either: (1) has been in continuous operation for not less than three years; or (2) is a successor or affiliate of a qualified charity that has been in continuous operation for not less than three years.

(v) The offer and sale by a cooperative organized under chapter 308B of its securities when the securities are offered and sold only to its existing members or when the purchase of the securities is necessary or incidental to establishing patron membership in the cooperative, or when such securities are issued as patronage dividends. This paragraph applies when securities are issued as patronage dividends or otherwise only when:

(1) the issuer, prior to the completion of the sale of such securities, provides each offeree or purchaser disclosure materials, which to the extent material to an understanding of the issuer, its business, and the securities being offered substantially meet the disclosure conditions and limitations found in rule 502(b) of regulation D promulgated by the Securities and Exchange Commission, *Code of Federal Regulations, title 17, section 230.502*; and

(2) within 15 days after the completion of the first sale in each offering completed in reliance upon this exemption, the cooperative has filed with the commissioner a consent to service of process under section 80A.27, subdivision 7, and has furnished the commissioner with a written general description of the transaction and any other information that the commissioner requires by rule or otherwise.

A cooperative may, at or about the same time as offers or sales are being completed in reliance upon this exemption from registration and as part of a common plan of financing, offer or sell its securities in reliance upon any other exemption from registration available under this chapter. The offer or sale of securities in reliance upon this paragraph shall not be considered or deemed a part of or be integrated with any offer or sale of securities conducted by the cooperative in reliance upon any other exemption from registration available under this chapter, nor shall offers or sales of securities by the cooperative in reliance upon any other exemption from registration available under this chapter be considered or deemed a part of or be integrated with any offer or sale conducted by the cooperative in reliance upon this paragraph.

Subd. 3. **Revocation; order to show cause.** The commissioner may issue an order requiring any person who claims the benefit of an exemption with respect to a specific security or transaction, to show cause why the exemption should not be revoked. The order shall be calculated to give reasonable notice of the time and place for hearing thereon, and shall state the reasons for the entry of the order. The commissioner may by order summarily suspend an exemption pending final determination of any order to show cause. If an exemption is suspended pending final determi-

Minn. Stat. § 80A.15

nation of an order to show cause, a hearing on the merits shall be held within 30 days of the issuance of the order of suspension. All hearings shall be conducted in accordance with the provisions of chapter 14. After the hearing, the commissioner shall enter an order making such disposition of the matter as the facts require. If the person claiming the benefit of the exemption fails to appear at a hearing of which the person has been duly notified, such person shall be deemed in default, and the proceeding may be determined against the person upon consideration of the order to show cause, the allegations of which may be deemed to be true. The commissioner may adopt rules of procedure concerning all proceedings conducted pursuant to this subdivision.

A notice filing that is incomplete is considered withdrawn if no activity occurs with respect to the notice filing for a period of 120 days.

Subd. 4. Burden of proof. In any judicial or administrative proceeding under sections 80A.01 to 80A.31, the burden of proving an exemption or an exception from a definition is upon the person claiming it.

**HISTORY:** *1973 c 451 s 15; 1976 c 2 s 43; 1979 c 228 s 1; 1980 c 503 s 4; 1980 c 516 s 2; 1981 c 140 s 6,7; 1982 c 424 s 130; 1983 c 252 s 14; 1984 c 552 s 5; 1985 c 251 s 4; 1986 c 358 s 5,6; 1986 c 444; 1987 c 336 s 14,15; 1989 c 173 s 1; 1989 c 206 s 1; 1989 c 356 s 6; 1993 c 271 s 2; 1994 c 642 s 5; 1995 c 202 art 1 s 25; 1996 c 439 art 2 s 13-15; 1997 c 222 s 27,28; 1999 c 137 s 4; 2000 c 350 s 15; 2000 c 379 s 1; 2000 c 483 s 41; 2003 c 105 art 2 s 2*



1 of 100 DOCUMENTS

MINNESOTA ADMINISTRATIVE CODE

*** THIS DOCUMENT REFLECTS CHANGES RECEIVED THROUGH OCTOBER 19, 2009 ***

DEPARTMENT OF COMMERCE
CHAPTER 2875 REGULATION OF SECURITIES

*Minn. R. 2875.0170* (2009)

2875.0170 FINANCIAL INSTITUTION OR INSTITUTIONAL BUYER.

The term "financial institution or institutional buyer" contained in *Minnesota Statutes, sections 80A.14*, subdivision 4, clause (5), and 80A.15, subdivision 2, paragraph (g), and the term "institutional investors" contained in *Minnesota Statutes, section 80A.04*, subdivision 3, includes but is not limited to a corporation with a class of equity securities registered under section 12(b) or 12(g) of the Securities Exchange Act of 1934, as amended; and a person who is an "accredited investor" within the meaning of rule 501(a) of regulation D.

Statutory Authority: *MS § 45.023; 80A.25*

History: *8 SR 1009; 14 SR 517*