USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-12-10

Castel/O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § |
| Plaintiff, | § § Case No. 10-cv-745 PKC |
| v. | § § JUDGE P. KEVIN CASTEL |
| STEPHEN J. CZARNIK, | § § ECF CASE |
| Defendant. | § § |

## [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION
## AND PRELIMINARY PENNY STOCK BAR

This cause coming to be heard before me, the undersigned United States District Judge, this 12th day of _May_, 2010, the Court having considered the Commission's Complaint, the motion, the supporting memorandum of law, the declaration and exhibits in support of the Motion, and the Court being advised of such in the premises, this Court finds as follows:

A. This Court has jurisdiction over the subject matter of this case and over Defendant Stephen J. Czarnik, and the Commission is a proper party to bring this action seeking the relief sought in the Commission's Complaint.

B. The Commission has made a proper showing that Czarnik engaged and is about to engage in transactions, practices and courses of business that constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a), (c)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §

78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

    C.    The Commission has made a proper showing that Czarnik will continue to engage in such transactions, acts, practices and courses of business and in such violations unless preliminarily enjoined by order of this Court.

    D.    The Commission has made a proper showing that a penny stock bar is appropriate in conjunction with a preliminary injunction.

**IT IS THEREFORE ORDERED:**

### I. ORDER OF PRELIMINARY INJUNCTION ENJOINING CZARNIK FROM VIOLATING THE REGISTRATION REQUIREMENTS OF SECTION FIVE OF THE SECURITIES ACT OF 1933

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Stephen J. Czarnik, his servants, employees, attorneys, entities under his control, and those persons or entities in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby preliminarily enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Providing professional legal services to any person in connection with the offer or sale of securities pursuant to, or claiming, an exemption under Regulation D, including issuing opinion letters related to such offerings;

    (b)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(c) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(d) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II. ORDER OF PRELIMINARY INJUNCTION ENJOINING CZARNIK FROM VIOLATING SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 RULE 10b-5 THEREUNDER AND SECTION 17(a) OF THE SECURITIES ACT OF 1933.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Stephen J. Czarnik and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, are preliminarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III. PENNY STOCK BAR

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Stephen J. Czarnik, his agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby preliminarily enjoined from, directly or indirectly, participating in any offering of penny stock (as that term is defined in Rule 3a51-1 of the Securities Exchange Act of 1934), pursuant to Section 603 of the Sarbanes-Oxley Act of 2002, codified at 15 U.S.C. §77t(g) and 15 U.S.C. 78u(d)(6).

\*   \*   \*

The aforementioned shall continue in full force and effect pending a final judgment on the merits in this matter, or as otherwise Ordered by this Court.

**SO ORDERED:**

JUDGE: _____

Dated: May 12, 2010