UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
UNITED STATES SECURITIES AND     :
EXCHANGE COMMISSION            :      10 Civ. 745 (PKC)
                                :
                Plaintiff,    :      ECF CASE
                                :
      -against-              :
                                :
STEPHEN J. CZARNIK,          :
                                :
                Defendant.   :
------------------------------------------------------------- x

## DEFENDANT STEPHEN J. CZARNIK'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Stephen J. Czarnik, for his Answer to the Second Amended Complaint herein, filed on June 8, 2011, alleges as follows:

1.     This paragraph sets forth legal conclusion and as such requires no response.  To the extent that a response is required, Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain statutory provisions and refers to the Second Amended Complaint and those statutory provisions for their content, and otherwise denied.

2.     The allegations of this paragraph are not addressed to Mr. Czarnik, and set forth legal and factual conclusions.  Accordingly, he is not required to respond thereto.  Mr. Czarnik objects to the words "[G]enerally", "may", and "many" as too vague and ambiguous to properly inform Mr. Czarnik as to the allegations against him.  To the extent that a response is required, Mr. Czarnik admits that some companies use stock transfer agents, and that some stock certificates bear

restrictive legends, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 2.

3.      This paragraph sets forth legal conclusion and as such requires no response.  To the extent that this paragraph mentions Mr. Czarnik by name, the allegations are denied, except that Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain statutory provisions and refers to the Second Amended Complaint and those statutory provisions for their content.  The remaining allegations set forth in paragraph 3 are not addressed to Mr. Czarnik, and they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

4.      Denied.

5.      This paragraph sets forth legal conclusion and as such requires no response.  To the extent that a response is required, Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain statutory provisions and refers to the Second Amended Complaint and those statutory provisions for their content, and otherwise denied.

6.      Mr. Czarnik denies that he is age 40.  The remainder of the allegations contained in paragraph 6 are otherwise admitted.

7.      The allegations contained in this paragraph are not addressed to Mr. Czarnik.  Accordingly he is not required to respond thereto.  Furthermore, this paragraph sets forth legal conclusion and as such requires no response.  To the extent that a response is required, Mr. Czarnik admits that the Second Amended

Complaint purports to rely on certain statutory provisions and refers to the Second Amended Complaint and those statutory provisions for their content.

8.     The allegations contained in this paragraph are not addressed to Mr. Czarnik.  Accordingly he is not required to respond thereto.  Furthermore, this paragraph sets forth legal conclusion and as such requires no response.  To the extent that a response is required, Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain statutory provisions and refers to the Second Amended Complaint and those statutory provisions for their content.

9.     The allegations contained in this paragraph are not addressed to Mr. Czarnik.  Accordingly he is not required to respond thereto.  Furthermore, this paragraph sets forth legal conclusion and as such requires no response.  To the extent that a response is required, Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain statutory provisions and refers to the Second Amended Complaint and those statutory provisions for their content.

10.     This paragraph sets forth legal conclusion and as such requires no response.  To the extent that a response is required, Mr. Czarnik admits that in the ordinary course of his law practice, he used mail and engaged in interstate commerce.  The remainder of the allegations contained in paragraph 10 are otherwise denied.

11.     The allegations contained in this paragraph are not addressed to Mr. Czarnik.  Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as

Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

12.     The allegations contained in this paragraph are not addressed to Mr. Czarnik.  Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

13.     Mr. Czarnik admits that he performed legal services for the Issuers, and that the stock issuances were lawful or he reasonably believed them to be lawful in accordance with federal and State securities laws.  Mr. Czarnik objects to the phrase "make it appear".  Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of remainder of the allegations in paragraph 13.

14.     Denied.

15.     Mr. Czarnik objects to the phrase "point of contact" as too vague and ambiguous as to properly inform him as to what is being alleged against him.  The remainder of the allegations of paragraph 15 are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

17.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

18.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

19.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

20.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

21.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

22.     Denied.

23.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

24.     Mr. Czarnik admits that he drafted certain documents for MVBY's review and approval, refers to those documents for their content, and denies the remainder of the allegations of paragraph 24.

25.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval and signature, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit A thereto, and those documents for their content.

26.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit B thereto, and those documents for their content.

27.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

28.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit C thereto, and those documents for their content.

29.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents and emails, and refers to the Second Amended Complaint and those documents and emails for their content.

30.     Mr. Czarnik admits that he provided certain documents to MVBY's transfer agent and refers to those documents for their content.  Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31.     The allegations contained in paragraph 31 are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

32.     Denied.

33.     Mr. Czarnik admits that Pink OTC Markets, Inc. ("Pink Sheets") found the materials submitted by MVBY to be sufficient, and objects to and denies the term "rudimentary".  Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.  Mr. Czarnik admits that he helped draft certain documents in reliance upon information provided to him by MVBY.  The remaining allegations of paragraph 33 are otherwise admitted.

34.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

35.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on a website, and refers to the Second Amended Complaint and that website for their content.  Otherwise, Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 35.

36.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 36.

37.     Mr. Czarnik admits that the Financial Industry Regulatory Authority ("FINRA") is a self-regulatory organization, and admits that FINRA contacted MVBY as part of a review.  The remainder of the allegations contained in paragraph 37 are denied, except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

38.     Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the dates alleged in paragraph 38.  Otherwise admitted.

39.     Denied.

40.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended

Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

41.     Mr. Czarnik admits that Second Amended Complaint purports to rely on certain Pink Sheets designations, refers to those designations for their content and meaning as of October 10, 2007, and refers to the industry's understanding thereof as of October 10, 2007.

42.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

43.     Mr. Czarnik denies that he drafted, edited, revised, or approved of any MVBY press releases.  Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.  Otherwise admitted.

44.     Mr. Czarnik admits that he wrote certain opinion letters and refers to those letters for their content.  The remaining allegations of paragraph 44 are denied.

45.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

46.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient

to form a belief as to the truth of the remainder of the allegations contained in paragraph 46.

47.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 47.

48.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 48.

49.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 49.

50.     Mr. Czarnik denies that he knowingly made "false" statements or "misrepresentations", and admits that the Second Amended Complaint purports to rely on certain documents and refers to the Second Amended Complaint and those documents for their content.  The remainder of the allegations contained in paragraph 50 are denied.

51.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

52.     Denied.

53.     Mr. Czarnik admits that Pink OTC Markets, Inc. ("Pink Sheets") found the materials submitted by ALMY to be sufficient, and objects to and denies the term "rudimentary".  Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.  Mr. Czarnik admits that he helped draft certain documents in reliance upon information provided to him by ALMY.  The remaining allegations of paragraph 53 are otherwise admitted.

54.     Admitted.

55.     Mr. Czarnik admits that he drafted certain documents for Alchemy, refers to those documents for their content, and denies the remainder of the allegations of paragraph 55.

56.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval and signature, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit D thereto, and those documents for their content.

57.     Mr. Czarnik admits that he drafted certain documents for his client's review and approval, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit E thereto, and those documents for their content.

58.     Mr. Czarnik admits that he drafted certain documents for his client's review and approval, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

59.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit F thereto, and those documents for their content.

60.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents and emails, and refers to the Second Amended Complaint and those documents and emails for their content.

61.     Mr. Czarnik admits that he provided certain documents to Alchemy's transfer agent and refers to those documents for their content.  Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61.

62.     The allegations contained in paragraph 62 are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

63.     Denied.

64.     Denied.

65.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

66.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

67.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

68.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents and emails, and refers to the Second Amended Complaint and those documents and emails for their content.

69.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief thereto.

70.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

71.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on a website and documents, and refers to the Second Amended Complaint, that website, and those documents for their contents. Otherwise, Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 71.

72.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief thereto.

73.     Mr. Czarnik denies that he knowingly made "false" statements or "misrepresentations", and admits that the Second Amended Complaint purports to rely on certain documents and refers to the Second Amended Complaint and those documents for their content.  The remainder of the allegations contained in paragraph 73 are denied.

74.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief thereto.

75.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, they are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

76.     Denied.

77.     Admitted.

78.     Mr. Czarnik admits that he drafted certain documents for Alchemy, refers to those documents for their content, and denies the remainder of the allegations of paragraph 78.

79.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval and signature, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit G thereto, and those documents for their content.

80.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit H thereto, and those documents for their content.

81.     Mr. Czarnik admits that he drafted certain documents for his client's review, approval, admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

82.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint, Exhibit I thereto, and those documents for their content.

83.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents and emails, and refers to the Second Amended Complaint and those documents and emails for their content.

84.     Mr. Czarnik admits that he provided certain documents to BCI's transfer agent and refers to those documents for their content.  Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84.

85.     The allegations contained in paragraph 85 are denied except insofar as Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth thereof.

86.     Denied.

87.     Denied.

88.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

89.     Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

90.   Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their contents.

91.   Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

92.   Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

93.   Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

94.   Mr. Czarnik admits that Pink OTC Markets, Inc. ("Pink Sheets") found the materials submitted by BCI to be sufficient, and that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their contents.  Mr. Czarnik admits that he helped draft a disclosure statement in reliance upon information provided to him by BCI.  The remaining allegations of paragraph 94 are admitted.

95.   The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

96.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief thereto.

97.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their content.

98.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he admits that the Second Amended Complaint purports to rely on a website and documents, and refers to the Second Amended Complaint, that website, and those documents for their contents. Otherwise, Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 98.

99.     The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, he lacks knowledge or information sufficient to form a belief thereto.

100.    Mr. Czarnik admits that Second Amended Complaint purports to rely on certain Pink Sheets ratings, refers to those ratings for their content and meaning as of February 20, 2008, and refers to the industry's understanding of those ratings as of February 20, 2008.  Otherwise admitted.

101.    Mr. Czarnik denies that he knowingly made "false" statements or "misrepresentations", and admits that the Second Amended Complaint purports to rely on certain documents and refers to the Second Amended Complaint and those documents for their content.  The remainder of the allegations contained in paragraph 101 are denied.

102.    Denied.

103.    Mr. Czarnik admits that the Second Amended Complaint purports to rely on certain documents, and refers to the Second Amended Complaint and those documents for their contents.  Mr. Czarnik lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 103.

104.    Mr. Czarnik incorporates by reference his answer to paragraphs 1-103 of the Second Amended Complaint as though fully set forth herein.

105.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.

106.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, Mr. Czarnik denies that federal and State exemptions from registration did not apply to MVBY, Alchemy, or BCI.

107.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 107 are denied.

108.    The allegations of this paragraph are not addressed to Mr. Czarnik. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Mr. Czarnik, this paragraph sets forth contentions and legal conclusions for which no response is required, and Mr. Czarnik lacks knowledge or information sufficient to form a belief thereto.

109.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 109 are denied.

110.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 110 are denied.

111.    Mr. Czarnik incorporates by reference his answer to paragraphs 1-110 of the Second Amended Complaint as though fully set forth herein.

112.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 112 are denied.

113.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 113 are denied.

114.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 114 are denied.

115.    Mr. Czarnik incorporates by reference his answer to paragraphs 1-114 of the Second Amended Complaint as though fully set forth herein.

116.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 116 are denied.

117.    This paragraph sets forth contentions and legal conclusions, and as such requires no response.  To the extent that a response is required, the allegations contained in paragraph 117 are denied.

<u>Request For Relief</u>

Requests for Relief I-VII of the Second Amended Complaint should be denied in their entirety.

**<u>Defenses</u>**

1.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

2.    The conduct alleged with regard to Mr. Czarnik in the Second Amended Complaint is legal and expressly authorized by (i) Regulation D promulgated under the Securities Act of 1933, as amended, specifically Rule 504(b)(1)(iii), Rule 502(d), Rule 144, and SEC Release Number 33-6389, as

amended in Release Numbers 33-6437, 33-6663, 33-6758, and 33-6825; (ii) Texas

Securities Act Section 5.T and the Texas Administrative Code Rule 109.4(b); and (iii)

Minnesota Rule 2875.0170 in effect as of the dates set forth in the Second Amended

Complaint.   Mr. Czarnik reasonably relied upon and was entitled to rely upon those

laws, rules, and SEC releases in the performance of his legal services.

       3.     Mr. Czarnik reasonably relied upon information provided to him by

his clients, as a lawyer is entitled to do.

       4.     Mr. Czarnik had no knowledge of any illegal or improper activities and

did not knowingly lend himself to such activities.

       5.     Mr. Czarnik did not intend to engage in any violation of law.

       6.     Mr. Czarnik did not know that any violation of law was occurring.

       7.     Mr. Czarnik is a victim of the conduct alleged in the Second Amended

Complaint.

       8.     The Second Amended Complaint fails to join essential parties to the

controversy.

Dated: New York, New York
      June 24, 2011

            THE PICKHOLZ LAW OFFICES LLC


            By: _____/s/_____
                Jason Pickholz (JP-9803)
            1140 Avenue of the Americas
            9th Floor
            New York, New York  10036
            Tel:  347-746-1222

            *Attorneys for Defendant Stephen J. Czarnik*